## DIGBY v. JONES *et al., Appellants.*

**Sale under Deed of Trust**: ENFORCEMENT OF EQUITIES: INNOCENT PURCHASER: NOTICE. An agreement between the owner of land sold under a deed of trust, and the purchaser at the sale for a reconveyance as soon as a debt due from the former to the latter shall have been paid out of the rents, cannot be enforced against a grantee of the purchaser who has bought without notice of the agreement, paid a substantial part of the purchase money in cash, and given his negotiable promissory notes for the remainder. But it might be otherwise if, at the time of the trial the notes remained in the hands of the first purchaser.

*Appeal from St. Louis Court of Appeals.*

*John F. Darby* for appellants, argued that plaintiff was not entitled to protection against the agreement between appellants and the bank, because not having paid the whole of the purchase money, he was not an innocent purchaser. Actual payment is necessary, and the giving security or executing obligations for payment is not sufficient. *High v. Butte* 10 Yerg. 186 ; *Christie v. Bishop,* 1 Barb. Ch. 105 ; *Murray v. Ballou,* 1 John. Ch. 566 ; *Hunter v. Simrall,* 5 Littell 62 ; *Wormley v. Wormley,* 8 Wheat. 444; *Vattier v. Hinde,* 7 Pet. 252 ; *Doswell v. Buchanan,* 3 Leigh 365 ; *Dillard v. Crocker,* 1 Speer Eq. 20 ; *Kyles v. Tait,* 6 Gratt. 44. Besides, the plaintiff lived within a few feet of the defendants, Lewis and Julia Jones, in the same block, on the same side of the street—he had lived there for seven

years—knew the defendants well; saw Julia Jones sweeping off the sidewalk every morning; spoke to her every day—bidding her "good morning"—interchanging the salutations of the day. All this is shown by the record. He knew she paid no rent, and claimed the property. What is sufficient notice to affect a subsequent purchaser, from one who has previously entered into a contract for the sale of lands, see *Caldwell v. Carrington*, 9 Pet. 86; *Flagg v. Mann*, 2 Sum. 486; *Burbank v. Hammond*, 3 Sum. 429. A party, put by circumstances on inquiry as to a fact, is affected by constructive notice thereof. *Oliver v. Piatt*, 3 How. 333; *U. S. v. Sturges*, 1 Paine 525; *Hinde v. Vattier*, 1 McLean 110. Open, notorious and exclusive possession of real property by parties claiming it, is sufficient to put other persons upon enquiry as to the interests, legal or equitable, held by such parties; and if such other persons neglect to make the inquiry, they are not entitled to any greater consideration than if they had made it, and had ascertained the actual facts of the case. *Smith v. U. S.*, 2 Wall. 232.

*Hitchcock, Lubke & Player* for respondent, cited *Love v. Taylor*, 26 Miss. 567; *Padgett v. Lawrence*, 10 Paige 170; *Freeman v. Deming*, 3 Sandf. Ch. 327; *Bellas v. McCarty*, 10 Watts 13; *Flagg v. Mann*, 2 Sum. 564; *Gilday v. Watson*, 5 Serg. & Rawle 267; *Aubuchon v. Bender*, 44 Mo. 560; 2 White & Tud. Lead. Cas., 52, 118.

HENRY, J.—Plaintiff sued defendants in ejectment in the circuit court of St. Louis county for a lot in the city of St. Louis, and defendants in their answer alleged, as an equitable defense, that the Real Estate Saving Institution, plaintiff's grantor, acquired the legal title by purchase at a trust sale, under an agreement with the defendants to hold the legal title until a certain demand it held against them for money borrowed should have been paid out of the rents, and then convey it to the defendant, Julia Jones;

that the debt, about $5,000, was not one-fourth the value of the property; that plaintiff had knowledge of their equity, and also that he had not paid the purchase money. The replication was a denial of the material facts stated in the answer. At the same time there was pending in the said circuit court, a suit in which these defendants were plaintiffs, and the plaintiff herein, and said Real Estate Saving Institution were defendants, the object of which was to have said sale to plaintiff herein set aside, and allow the plaintiffs to redeem the property. It was agreed between the parties that this, the ejectment suit, should be taken as submitted to the court sitting as a jury, upon the testimony which should be introduced on the hearing of the other cause in which defendants were plaintiffs, and that judgment should be entered in this cause immediately after the trial of the other. On the trial of that cause the court submitted to a jury issues, among them the following: Did the defendant, Henry Digby, prior to his purchase of the property in question from the Real Estate Saving Institution, have any notice of the alleged private agreement or understanding between said institution and plaintiffs, as alleged in the petition? The verdict of the jury was that he had not such notice, and after hearing all the evidence, the court made a decree that the said Real Estate Saving Institution pay to plaintiffs (defendants herein) thirteen thousand dollars, and that Henry Digby go hence without day as to all and singular the matters pleaded against him herein, &c. The court, in pursuance of the agreement above recited, after the trial of the cause in which defendants here were plaintiffs, found for the plaintiff, Digby, in this cause, and rendered a judgment accordingly, which, on appeal to the general term by defendants, was affirmed, and was again in the Court of Appeals affirmed, and defendants have prosecuted an appeal to this court. On the issue submitted to the jury, by the court, as to plaintiff's notice of the equities of defendants, the evidence was contradictory. Defendants were

in possession of the property, claiming it as owners, and there was evidence conducing to show that plaintiff was aware of that fact. He, on the contrary, testified that he did not know that they made any claim to the property as owners. There was not such preponderance of evidence in favor of defendants on that issue as would justify a reversal of the judgment on that ground. As to actual notice of the agreement between the bank and the defendants the weight of evidence was that plaintiff had no knowledge of that agreement, and the court might have held the law to be, as contended by counsel for defendants, that if plaintiff had knowledge that defendants were in actual possession of the premises, claiming to be owners, such knoweledge affected him with notice of their equity. This, as a legal proposition, we think correct, but there is nothing in this record indicating that the court entertained a contrary opinion, since there was such a conflict of evidence as to whether plaintiff knew that defendants were in possession, claiming to be owners of the lot, that the verdict would not be disturbed, however the jury might have found on that issue. The court and the jury had the witnesses who testified before them, and were therefore far more competent than this court to determine what credit to attach to them respectively, as witnesses, and we are not inclined to disturb the findings of trial courts, even in equity cases, unless satisfied that injustice has been done.

The consideration which plaintiff agreed to pay for the property was $10,000. He paid cash $2,500, and for the balance gave his negotiable promissory notes, with a deed of trust upon the property to secure their payment. It is true that the purchaser of property under the circumstances disclosed by the evidence in this cause, to be protected in his purchase, must not only have purchased without notice, but the consideration given must have been valuable and wholly or partly paid. *Paul v. Fulton*, 25 Mo. 156. And the part payment must not be of an incon-

siderable portion of the purchase money, a mere nominal sum; and the execution of a non-negotiable obligation for the purchase money, which remains unpaid, will not protect the purchaser against the person who has an equity which entitles him to the property against the grantor. Here the price agreed upon was $10,000; one-fourth was paid in cash, and negotiable notes given for the balance. It was not shown what had become of those notes. No effort was made on the trial to prove who held them. The president and several other officers of the bank and the plaintiff testified as witnesses, and defendants' counsel did not see proper to make any inquiries on the subject. If the bank still held those notes it might have materially affected the result of this controversy, but under the circumstances, we would not be justified in assuming what the defendants could so easily have proved, if true, that the bank still held them. If negotiated to innocent purchasers, then the plaintiff's case is the same as if he had paid the entire consideration in cash. Even if the notes were still in the possession of the grantor, some difficulty would be encountered in granting the relief sought against the vendee. The pendency of the suit by the party who claimed the equity, to set aside the sale and to redeem, would not affect a purchaser of the negotiable notes, with notice of their infirmity and the holder might *pendente lite* even after all the evidence was heard in the cause, assign the notes to an innocent purchaser. It might, therefore, well be doubted, whether in the absence of proof of notice to him of the equity, relief could be given against a vendee who had executed negotiable notes for the purchase money, unless the court could first get possession of the notes and hold them until the final disposition of the cause.

The judgment is affirmed. All concur except HOUGH, J. and SHERWOOD, C. J., not sitting.

AFFIRMED.