## SCHENCK v. SAUTTER, *Appellant.*

1. **Estoppel:** RATIFICATION. A husband knowing that his wife had delivered an organ to the plaintiff in an execution against him in satisfaction of the execution, and had taken a receipt in full of his liability thereon, stood by and with seeming approval saw the constable make a return on the execution that it was fully satisfied. He had already, without the knowledge of the constable or the plaintiff in the execution, and without offering to return the receipt or to have the constable's return canceled, instituted this suit to recover the organ. *Held*, that he could not recover.

2. **Practice in Supreme Court.** While this court will not reverse a judgment because it is against the weight of evidence, it will reverse when there is no evidence at all to support the judgment.

*Appeal from Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

REVERSED.

*A. M. Allen* for appellant.

**NORTON, J.**—This was a suit by plaintiff to recover a musical instrument, (a six stop organ,) from defendant, in which he had a judgment in the special law and equity court of Jackson county, (on appeal from a justice of the peace,) from which defendant has appealed. The evidence clearly established the following facts, and there was none tending to prove the contrary. The defendant had an execution issued against the plaintiff, on a judgment obtained before a justice of the peace. While it was in the hands of the constable, defendant went, with Allen McGee, to plaintiff's residence, and his wife, in his absence, gave the organ in payment and satisfaction of the judgment, and took a receipt from defendant to that effect. The husband returned home Sunday evening after the transaction, and was fully informed by his wife of what she had done. Next morning he went to Kansas City, employed a lawyer and instituted this suit, but before the service of the summons, visited the justice of the peace who issued the execution against him, and asked what had become of the execution, and was told by the justice that the constable had it. While he was at the justice's office, the constable came, and in the presence of the plaintiff, and with his knowledge, made his return on the execution, that it was satisfied in full; and, expressing no dissatisfaction with what his wife had done, plaintiff remarked: " I suppose I can now sell my property, as the sword is now raised from my head," alluding, as he states, to " the sword of Damocles." There is not a particle of evidence showing that he made any objection, when his wife told him of the sale of the organ, and the only evidence of his dissent from it, is furnished by his instituting this suit. He never offered to return the receipt, or to have the return on the execution corrected.

His conduct was reprehensible in the extreme. It was

*Marginal note:* 1. ESTOPPEL: ratification.

a flagrant attempt to gain an unconscionable advantage of his creditor. He stood by and permitted the execution to be returned satisfied, knowing that no money had been paid upon it, and that it was so returned in consequence of the transaction between his wife and the defendant. If he intended to contest the right of the latter to the organ, it was his duty, as an honest man, to speak out when, in his presence, that return was made. His remarks, however, indicated that he was more familiar with the classics than with the principles of common honesty, and to permit him to recover the organ, under the circumstances, would be giving sanction to a flagrant fraud. Neither the constable, nor the defendant, knew that this suit was instituted when the execution was returned, and the evidence shows that the return was made before the summons herein was served.

This court will not reverse a judgment because the verdict is against the weight of evidence, but here, there is none to support the verdict, but all the evidence tends to prove an attempt, on the part of plaintiff, to have the organ applied to satisfy the execution against him, and then turn round and recover it from the creditor, not offering to place him in *statu quo* by canceling the return, and returning the receipt, but lying in wait until the return on the execution was made, and then exulting over the supposed success of his iniquity. The instructions were fair enough, but for the reason above indicated, the judgment is reversed. All concur.

2. PRACTICE IN SUPREME COURT.