Charles G. Taylor *et al.*, Defendants in Error, v.
    Ellis R. Smith, Plaintiff in Error.

Kansas City Court of Appeals, December 7, 1891.

Executions : PURCHASE PRICE : CHATTEL MORTGAGE. If the creditor
  in good faith takes a mortgage without notice of the unpaid pur-
  chase price of the mortgaged goods, he has a superior lien to a sub-
  sequent execution for the purchase price.

*Appeal from the Pettis Circuit Court.*—Hon. Richard
      Field, Judge.

Affirmed.

*Jackson & Montgomery*, for plaintiff in error.

The judgment is erroneous because the chattel
mortgage under which the plaintiffs claim does not

constitute them purchasers for value without notice, under section 4914 of Revised Statutes. *First.* The section makes no exception in favor of mortgagees. *Milling Co. v. Turner*, 23 Mo. App. 103. The above statute confers rights, gives preferences, and determines priorities, as between the vendor and purchasers from the vendee. *Boyd v. Carpet Co.*, 38 Mo. App. 210. *Second.* The debts secured were all pre-existing at the time of executing the mortgage, and, as such, are insufficient to make plaintiffs purchasers for value. *Bank v. Bates*, 120 U. S. 556; *Woodburn v. Chamberlin*, 17 Barb. 446; *Wood v. Robinson*, 22 N. Y. 564; *Goodman v. Simonds*, 19 Mo. 106–117; *Samuel v. Potter*, 28 Mo. App. 305–370; *Deer v. Marsden*, 88 Mo. 512. *Third.* There was no extension of time of payment of any of the debts sufficient to support the mortgage. *Deer v. Marsden, supra; West v. Brison*, 99 Mo. 684–693; *Russell v. Brown*, 21 Mo. App. 51; *Coster v. Mesner*, 58 Mo. 549; *Hosea v. Rowley*, 57 Mo. 357; *Headlee v. Van Lear*, 45 Mo. 235.

*Geo. F. Longan* and *G. W. Barnett*, for defendants in error.

Plaintiffs are purchasers for value within section 4914 of Revised Statutes, while their debts secured by the chattel mortgage were pre-existing debts, yet there was an extension of time, which constituted them purchasers for value. The extension of time for the payment of a past indebtedness, if for a day only, constitutes a new and sufficient consideration. *Deere v. Marsden*, 88 Mo. 514; *Smith v. Worman*, 19 Ohio St. 148; *Wilton v. Tizzord*, 15 Iowa, 495; *Borcking v. Stratt*, 17 Mo. App. 297; *Rhodes v. Outcalt*, 48 Mo. 372; *Steadmen v. Hayes*, 80 Mo. 319; *Wine Co. v. Rinehart*, 42 Mo. App. 171.

GILL, J.—This is an action of replevin brought against the defendant sheriff for the recovery of a stock of goods. The cause was tried by the court, sitting as a jury, who found the issues for the plaintiffs, and from the judgment thereon defendant appealed. Sheriff Smith is only a nominal party. The real contestants are two sets of creditors of one Leist, who lately did business as a merchant in Sedalia, Missouri. The plaintiffs, Taylor and others claim the goods in controversy by virtue of a chattel mortgage executed by said Leist on March 8, 1889, to secure the payment of their respective claims against him, while the other creditors, the real defendants, assert title to the goods by reason of several executions in their favor and against said Leist, and which were levied on the goods subsequent to the date of plaintiffs' mortgage. These judgments in favor of these last-named execution creditors were for the purchase price of the identical goods so levied on, and which now furnish the subject-matter of this litigation. Plaintiffs, mortgagees, however, had no notice, when they secured the mortgage, of the fact that there was anything owing on account of the goods.

Whatever may have heretofore been the law of this state, the latest decision of the supreme court, followed by a still later announcement from this court, clearly awards the superior title of these goods to the plaintiffs, mortgagees. *Straus v. Rothan*, 102 Mo. 261; *Corning v. Rinehart*, 45 Mo. App. 16. It is, therefore, unnecessary to notice the several questions suggested in appellants' brief, since, under the law as declared in *Straus v. Rothan*, the judgment here is unquestionably for the right party, and must be affirmed. All concur.