## THE STATE BANK OF ST. LOUIS v. FRAME et al., Appellants.

### Division Two, November 29, 1892.

1. **Deed**: PRE-EXISTING DEBT: PURCHASER FOR VALUE. Where a deed is made in consideration of the absolute discharge of a pre-existing debt of the grantor or of an adequate portion of it, the grantee is a purchaser for value so as to protect him against a previous unrecorded deed of the same grantor.

2. ———: NOTICE: UNRECORDED DEED. While actual notice by the grantee of the prior unrecorded deed will defeat a subsequent one, yet positive knowledge brought directly home to the party to be charged is not required.

3. ———: ———: ———. Knowledge of any fact which would put an ordinarily prudent man on inquiry, and which if followed up would lead to notice, is sufficient.

4. **Estoppel.** One who makes representations upon which he expects another to act, and upon which such other relies, and is induced to act to his detriment, will be estopped to question the truth of what was represented to the injury of the other party.

5. **Deed of Trust**: ASSIGNMENT OF NOTE. An assignor of a note secured by a deed of trust cannot, after the assignment, release or discharge the mortgaged premises.

6. ————: ————: QUESTION FOR JURY. *Held*, in this case, a question for the jury whether a payee of a note secured by separate deeds of trust on two farms had authority from his transferee to control after the transfer the recording of the deeds, and to bind such transferee by a statement to the purchaser of one of the farms that the deed on the farm so purchased would not be enforced.

*Appeal from Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED AND REMANDED.

*John R. Walker* and *Draffen & Williams* for appellants.

(1) The deed to Samuel C. James, trustee for Lucy Doran, vested the legal title to the land in controversy in said trustee, if said deed was made for a valuable consideration, and without actual notice upon part of said trustee or Lucy Doran of the prior unrecorded deed of trust. The defendants' right was not a mere equity. They had the legal title, and were entitled to a verdict upon the legal defense set up in the answer. 1 Revised Statutes, 1889, sec. 2420; *Youngblood v. Vastine*, 46 Mo. 239; *Hetzell v. Barbour*, 69 N. Y. 1; *Callaway v. Fash*, 50 Mo. 420; *Gatewood v. Hart*, 58 Mo. 261; *Draper v. Brison*, 26 Mo. 108. (2) If the defendant, Lucy Doran, accepted the deed to the land, in satisfaction and discharge of $3,500 of the debt due her from her husband, Benjamin F. Doran, then she is a purchaser for value, and the court committed manifest error in refusing the fourth declaration of law asked by the defendants. *Harold v. Owen*, 7 West. 662; *Outhwaite v. Porter*, 13 Mich. 533; *Clements v. Doerner*, 40 Ohio St. 632; *Hoyt v. Oliver*, 59 Mo. 188; *Redpath v. Lawrence*, 42 Mo. App. 101; *Lawrence v. Owens*, 39

Mo. App. 318; *Feder v. Abrahams*, 28 Mo. App. 454; *Hess v. Clark*, 11 Mo. App. 492; *Hoyt v. Jones*, 31 Wis. 389. (3) The court erred in refusing to give the first, second and third declarations of law asked by the defendants. "Circumstances may arise where a purchase, subsequent to an unregistered conveyance, may be made in such good faith that it will be protected, even though the purchaser has undeniable knowledge of the prior deed, as where he is informed by the grantee himself that the deed is withheld from record because he does not intend to assert any title under it." Wade on Notice [2 Ed.] sec. 259, p. 144; *Rogers v. Jones*, 8 N. H. 264-8; Martindale on Conveyances, sec. 281, p. 240; *Vaughn v. Tracy*, 25 Mo. 318. Even though the $20,000 note secured by the deed of trust had been indorsed to the State Bank, yet if said bank intrusted the unrecorded deed of trust to Bartle, and relies on his statements to show notice to defendants, it must be bound by the whole of his statements. *Rogers v. Jones*, 8 N. H. 264. (4) The finding of the court upon the equitable defense, under the evidence, should have been for the defendants. *Justice v. Lancaster*, 20 Mo. App. 559; *Rice v. Groffman*, 56 Mo. 434.

*John G. Chandler* and *John Cosgrove* for respondent.

(1) The court found from the evidence that Mrs. Doran and her trustee had notice of the deed of trust to Anthony to secure the $20,000 held by the respondent. This court is bound by the findings of the trial court, where there was evidence to support such findings. *Pike v. Martindale*, 91 Mo. 268; *Baum v. Fryrear*, 85 Mo. 151. (2) The defendant, Lucy Doran, is not a *bona fide* purchaser for value. To say that she

was a purchaser for value would be to hold that a credit of $3,500 on a note which was not worth a dollar was parting with something for value. *Martin v. Jones*, 72 Mo. 23; *Aubuchon v. Bender*, 44 Mo. 560; *Kitteridge v. Chapman*, 36 Iowa, 348; *Phelps v. Feckler*, 61 Iowa, 340; *Fox v. Hall*, 74 Mo. 317. (3) The court did not err in giving the instruction number 3, asked by the plaintiff. The evidence of Mrs. Doran and Dr. James, her trustee, was that they had notice of the existence of the deed of trust; and the court having found that fact from said defendant's testimony, it was proper to declare that plaintiff was entitled to recover. The court would not have permitted a verdict to stand, if this case had been tried before a jury, and a verdict had been rendered for the defendants. It was not error for the court to decide that the judgment should be for the plaintiff. *Jackson v. Hardin*, 83 Mo. 175; *Powell v. Railroad*, 76 Mo. 845; *Donahue v. Railroad*, 91 Mo. 357; *City v. Jones*, 27 Mo. App. 537; *Lenox v. Railroad*, 76 Mo. 91. (4) When the note of $20,000 was transferred to respondent the deed of trust passed with it as an incident. No formal assignment or delivery or even mention of the deed of trust was necessary. The note had to be discharged before the deed of trust could become inoperative. No arrangement or contract between Bartle and Dr. James could affect the bank's right to have its debt satisfied out of the mortgaged property. *Hagerman v. Sutton*, 91 Mo. 531, and cases cited; *Mayes v. Robinson*, 93 Mo. 114. (5) The judgment was for the right party on the uncontroverted evidence, and should be affirmed regardless of the instructions. *Fairbanks v. Long*, 91 Mo. 628.

MACFARLANE, J.—The suit is ejectment, commenced in Morgan county, to recover two hundred and forty-two and one-half acres of land situate in said

county.   The answer of defendant Frame was a general denial.   Samuel C. James, trustee for Lucy Doran, Lucy Doran herself and her husband, Benj. F. Doran, were made defendants on their own motion and filed an answer setting up a general denial and an equitable defense.   Defendant Frame was the tenant of defendant James, who claimed the land as trustee for Mrs. Doran.   By their equitable defense they charged that plaintiffs' only claim of title was under a deed of trust made by defendant, Benj. F. Doran, on December 22, 1885, and filed for record July 12, 1887, to secure the payment of a note of $20,000, payable to the order of W. C. Bartle ninety days after date, and a sale thereunder and deed by the trustee to plaintiff, dated June 14, 1888.   The answer then sets up in detail a state of facts under which it is claimed that the trustee's sale and deed should be set aside and canceled, which defendant asked should be done.   The case was taken by change of venue to Saline county, where it was tried, a judgment rendered for plaintiff, and defendants appealed.

On the trial both parties claimed title under defendant, B. F. Doran, plaintiff under the sale by the trustee under deed of trust before mentioned, and defendant under a deed directly from Doran to James, as trustee for Mrs. Doran, dated January 6, 1887, and recorded January 8, 1887, for an express consideration of $3,500.

After the introduction of these deeds defendant offered evidence showing that on the twenty-second day of December, 1885, B. F. Doran made two deeds of trust to secure the note of $20,000, payable to Bartle, one on the land in dispute, situate in Morgan county, and under which plaintiff claims, and the other on about six hundred acres of land in Cooper county.

The evidence tended to prove that these deeds were both withheld from record at the request of

Doran, who was an extensive dealer in live stock, to avoid injuring his credit. Bartle was a brother of Mrs. Doran and James was a son-in-law. About the first of January, 1887, Doran recognized his own insolvency and inability to continue his business. He owned the two farms held under the two deeds of trust and personal property valued at about $8,000. His debts largely exceeded the value of his property. Among his debts, as claimed, was a note to his wife for $6,000, dated March 2, 1884. At the request of Mrs. Doran, her son-in-law, James, went to St. Louis on the fifth of January, 1887, to see Bartle, who lived there, and to try to make some arrangement about securing her debt. Mr. Doran went to St. Louis at the same time. The $20,000 note made by Doran to Bartle had been assigned to the plaintiff bank before its maturity. On January 6, Bartle, Doran and James met in St. Louis and talked over the matter, and the evidence of defendants tends to prove that they came to an agreement and understanding that the deed of trust on the Morgan county land should not be recorded or enforced, and that Doran should convey to James, as trustee for Mrs. Doran, the land in dispute, and in consideration therefor she would satisfy Doran's note to her to the extent of $3,500. Bartle at the time had in his possession the deed of trust, which all the parties saw. The next day the parties all went to the residence of Doran, in Cooper county, and the deed was executed and acknowledged conveying the land to James, as trustee, in pursuance of the previous agreement, and Mrs. Doran entered a credit for $3,500 on the note. After that James took possession of the land, paid delinquent taxes amounting to $100 and made some improvements. Neither James nor Mrs. Doran knew the note had been transferred to the bank, nor did they make inquiries about it.

The evidence of plaintiff tended to prove that there was no agreement to withhold the deed of trust from record; that it never agreed not to set up any claim on the Morgan county land, and never authorized Bartle to make such an arrangement. It also tended to prove that the only talk about releasing the deed of trust was on condition that Mrs. Doran would release her dower in the Cooper county land, which she had afterwards refused to do.

The court at the request of plaintiff declared as a matter of law that upon the pleadings and undisputed evidence plaintiff should recover.

The court refused to declare the law to be, as asked by defendants, that if Doran was indebted to Mrs. Doran, and the deed to James, trustee, was accepted by her in part payment and satisfaction of her debt, then she was a purchaser for value of the lands in controversy; that if, when they bought the land, the only notice they had of the existence of the deed of trust was from the statements of Bartle and seeing him have the deed of trust, and that Bartle stated that said deed of trust would never be filed for record, but would be surrendered, and that no lien was claimed on said land by virtue of said unrecorded deed of trust, then there was no such notice that said deed of trust was an existing and valid lien upon said land, as to make defendants, James and Mrs. Doran, purchasers with notice of, and subject to, said deed of trust.

The court entered judgment for the plaintiff for the possession of the land and for rents and profits. Defendants appealed.

I.   Whether the satisfaction of a pre-existing debt is a consideration sufficient to protect a purchaser of real estate against a prior unrecorded deed, of which he has no notice, has never been definitely and directly passed upon by this court, so far as we are advised.   A

strict and liberal interpretation of the statute would make any consideration which might be sufficient between the parties to uphold the deed sufficient also to protect the purchaser. The statute provides that every instrument in writing that conveys any real estate shall be recorded (sec. 2418), and shall thereafter impart notice to all persons of the contents thereof, "and all subsequent purchasers and mortgagees shall be deemed, in law and equity, to purchase with notice." Sec. 2419. Section 2420 is as follows: "No such instrument in writing shall be valid, except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the recorder for record."

A strict legal construction has not generally been placed upon such statutes. While it is held that the instrument itself may be invalid until recorded, it is also held that the purchaser acquires, by his purchase, an equitable right in the land, which will not be defeated except by a purchaser for value without notice.

The chancellor in *Dickerson v. Tillinghast*, 4 Paige Ch. 215, gives the construction placed upon the English statute, which he approves thus: "The English registry acts made the unregistered deed or incumbrance at law wholly inoperative and void, as against a subsequent grantee or incumbrancer. But the court of chancery, in accordance with the manifest spirit and intention of the statute, at an early day adopted the principle of considering the prior deed, or incumbrance, as an equitable title or lien. It, therefore, applied to such cases the equitable principles which had previously been adopted by that court, in relation to other contests between the holder of an equitable title or lien and a subsequent grantee or mortgagee of the legal title."

This construction is equitable and just, and has

ever been recognized by the profession and trial courts of the state as applying to our recording act. The same rule is clearly recognized by this court in *Davis v. Ownsby*, 14 Mo. 176, where the judge says: "There must be title for value under the grantor to admit the question [want of record] being raised." Also in *McCamant v. Patterson*, 39 Mo. 110, and *Aubuchon v. Bender*, 44 Mo. 565.

To entitle one then to the protection of the statute against an unrecorded deed, he must have been a purchaser for value. The question recurs whether one who takes a conveyance of land in consideration of the release and discharge of a precedent debt from the grantor is a purchaser for value. It is necessary that he should be such, in order to secure the protection of the statute. The courts of the states are not in harmony on the question, though it is believed that a majority of them hold that such a consideration alone is insufficient, though they seem generally to agree that, if a definite forbearance of an antecedent debt is given, or if the creditor gives up any security, divests himself of any rights, or does any act to his own prejudice on the faith of the title before he has notice of the prior deed, he will be regarded as a purchaser for value. 2 Pomeroy on Equity Jurisprudence, sec. 749; Devlin on Deeds, sec. 632, and authorities cited by each.

As has been said, the precise question has not been decided by this court, though expressions bearing out both sides of the proposition or expressing doubt are found. In *Hoyt v. Oliver*, 59 Mo. 189, it is said: "The existing indebtedness of the grantor was a valuable and sufficient consideration for making the deed to secure such indebtedness." The rights of subsequent purchasers was not involved. In *Martin v. Jones*, 72 Mo. 25, the court, by Judge NAPTON, says: "Another point made in this case is that there was no proof of notice

on the part of Austin, the beneficiary in the deed of trust, of the previous conveyance to Williams by McCarty. This was alleged in the petition and denied in the answer. I doubt whether such allegation was necessary, since Austin was not a purchaser for value, in the sense in which such phrase is used in regard to questions of notice, but merely the *cestui que trust* in a conveyance made to secure a previous indebtedness on the part of the debtor." The question was involved here, but was not decided, as the purchaser was found to have had notice.

It was held in *Aubuchon v. Bender*, 44 Mo. 565, that, to entitle one to the protection of the statute, he must have parted with something of value; otherwise he is not injured. A deed of gift was, therefore, held not to have been for value. See also *Davis v. Ownsby* and *McCamant v. Patterson, supra; Fox v. Hall*, 74 Mo. 317. In the last case the court says: "This protection is only afforded to an innocent purchaser for value." It is also held that one purchasing from the heir of the grantor of an unrecorded deed will be protected. *Youngblood v. Vastine*, 46 Mo. 240. Also, a purchaser by quitclaim of the "right, title and interest of the grantor," if for value and without notice, will prevail over such prior deed. *Willingham v. Hardin*, 75 Mo. 429; *Fox v. Hall, supra.*

Analogous cases, growing out of commercial transactions, involving the question of what is necessary to constitute one a *bona fide* purchaser for value of negotiable securities are, we think, better settled. These cases were reviewed by BLACK, J., in *Crawford v. Spencer*, 92 Mo. 509. The conclusion, as applied to the case in hand, is thus expressed: "Where there is a new consideration at the time the collateral is given, such as the extension of the time of the payment of the principal debt, there can be no doubt but the transferee

of the collateral takes it freed from equities existing between the original parties, of which he has no notice, the collateral not being due when transferred. Where there is no such new consideration, there is much conflict in the authorities. But, in this case, we are satisfied that the notes, amounting to $12,000, were taken in actual payment of that amount of the indebtedness of Harlow, Spencer & Co., and, that being so, Francis & Brother took the note freed from the equities existing as between plaintiff and Harlow, Spencer & Co.''

The same conclusion was reached by SHERWOOD, J., in *Fitzgerald v. Barker*, 96 Mo. 664, and by the courts of appeals in the following cases: *Redpath Bros. v. Lawrence, Manning & Cushing*, 42 Mo. App. 101; *Lawrence, Manning & Cushing v. Owens*, 39 Mo. App. 318; *Feder v. Abrahams*, 28 Mo. App. 454; *Hess v. Clark*, 11 Mo. App. 492.

We think the rule deducible from these authorities is that a deed made in consideration of the absolute discharge of a pre-existing debt of the grantor, or by an adequate portion of it, will constitute the grantee a purchaser for value so as to protect him against a previous unrecorded deed of the same grantor. By the satisfaction of the debt the creditor divests himself of the right of an action, or of securing the original liability, and places himself in a worse condition than he would have done by a definite forbearance of the debt.

II.   Did the court rule correctly on the question of actual notice by Mrs. Doran or her trustee of the prior mortgage? It is conceded that, as a general proposition, actual notice of the prior deed would defeat the subsequent one. The equitable rule is also not disputed that positive information brought directly home to the party to be charged therewith is not required, but that knowledge of any fact which would put an

ordinarily prudent man on inquiry, and which, if followed up, would lead to notice will be sufficient. *Meier v. Blume*, 80 Mo. 183; *Drey v. Doyle*, 99 Mo. 467.

That both Mrs. Doran and her trustee, James, had notice of the outstanding deed of trust, cannot be disputed; indeed, both of them admitted that Bartle had it present with him at the time Doran executed the deed to his wife's trustee, and she placed the credit upon the note. At the time these grantees received this notice, and the deed was exhibited to them, however, they were also informed by Bartle that it would not be recorded, but would be surrendered, and no lien would be claimed on the land under it. It is now claimed by defendants that, the notice and the representations being contemporaneous, the representations neutralized, as it were, the effect of the notice. We do not think such to have been the result. The notice, under the terms of the statute, imparted to the deed the same validity, force and effect as between these parties that filing for record would have given. What was before notice a mere equity becomes clothed with the legal title. The representations operated upon a deed otherwise valid. If plaintiff, as the assignee of the note and mortgage, is to be postponed to any rights acquired by defendants under their deed it must be upon some ground other than want of notice.

III.   Defendants pleaded an equitable estoppel as a defense to the action. This plea was predicated upon the alleged statements and declarations of Bartle, at the time the deed was made to the trustee, to the effect that no lien would be claimed on this land under the deed of trust.

It is a well-settled principle of equity that one who makes representations upon which he expects another to act, and upon which such other relies and is induced

Vol. 112—33

to act to his detriment, will not afterwards be heard to question the truth of what was represented, to the injury of the one who had been induced thereby to change his condition. *Moore v. Bank*, 52 Mo. 377; *Schenck v. Sautter*, 73 Mo. 46; *Chouteau v. Goddin*, 39 Mo. 229; *Garnhart v. Finney*, 40 Mo. 449.

If plaintiff made such representations to defendant as are attributed to Bartle, intending or knowing that defendants would act upon them, and release a part of the debt the wife held against the husband, and had stood by and seen the parties acting upon such representations without objection, then such words and conduct would clearly bring plaintiff within this equitable rule, and it would not be permitted to set up any title acquired under the deed of trust as against the deed defendants were induced to take.

IV. There is no doubt under the evidence before us that the note was assigned before maturity to the plaintiff, and, at the time the alleged representations by Bartle were made, he had no interest in the note, unless it should have been as an indorser, or power or control in his own right over the deed of trust. The deed of trust was only incident to the debt, and the assignment of the note carried with it the right to its control, and it was out of the power of Bartle, either as payee or indorser of the note, to release or discharge any portion of the mortgaged premises. *Hagerman v. Sutton*, 91 Mo. 531, and cases cited; *Mayes v. Robinson*, 93 Mo. 118.

V. The evidence tending to prove that the unrecorded deeds of trust were retained by Bartle; that when Bartle thought best to have them recorded he went at once to see and consult Mr. Parsons, president of the bank, about so doing; that the deed of trust on the Cooper county land was taken from St. Louis and placed upon record by a messenger under the directions

of Bartle; that the deed to the Morgan county land was carried by Bartle to the residence of Doran in Cooper county, though the bank was then advised that it had not been recorded; and that said deed was not in fact recorded for six months thereafter, are all circumstances tending, with more or less force, to prove authority from the bank to Bartle to control the deeds of trust and notice of any understanding that may have existed between Doran and Bartle in reference thereto. If such authority was given, and the representations attributed to Bartle were made by him, then plaintiff would be estopped to assert the contrary.

VI. There was also evidence tending to prove that, at the time the deed of trust was made, there was an understanding between Doran and Bartle that, in order to avoid publicity and injury to the credit of Doran, it should not be placed upon record unless sanctioned by him. A similar understanding and agreement between the same parties and plaintiff bank, in regard to withholding from the record the deed of trust to the Cooper county land, was held to be fraudulent by this court in the recent case of *Bank v. Doran*, 109 Mo. 40. The court says: "The authorities cited by the plaintiff bank fully bear out the position that in circumstances similar to those related a court of equity will postpone, or set aside as fraudulent, an instrument whose recording has been clandestinely delayed."

While there was no direct evidence in this case connecting the plaintiff bank with the alleged agreements, we think the circumstances also tended to prove notice to it of such an understanding and acquiescence therein.

The case was tried as one at law. The first instruction asked by defendants and refused by the court properly declared the law. The declaration of

law that there was "no evidence of any authority from said bank to Wm. G. Bartle to make the representations set forth in defendant's answer" should not have been given.

We think there should be a new trial, and the judgment is reversed and cause remanded for that purpose. All concur.