KEMPER, HUNDLEY & McDONALD DRY GOODS COMPANY, Appellant, v. KIDDER SAVINGS BANK, Respondent.

Kansas City Court of Appeals, October 30, 1899.

Chattel Mortgages: ANTECEDENT DEBT: CONSIDERATION: INNOCENT PURCHASER. A tranfer of personal property as security for a pre-existing debt does not render the transferee a *bona fide* purchaser for value, since there is no genuine consideration, and such transferee can not invoke the rule protecting innocent purchasers for value. Cases discussed and distinguished.

Appeal from the Caldwell Circuit Court.—*Hon. E. J. Broaddus*, Judge.

REVERSED AND REMANDED (with directions.)

*Ben Phillip* for appellant.

(1) The finding and verdict of the trial court, sitting as a jury, is against the undisputed evidence. Where there is no conflict in the testimony, it is the duty of the appellate court to review the action of the trial court thereon and decide whether its judgment is warranted by such facts. Bruen v. Kansas City, etc., Ass'n, 40 Mo. App. 425; Knapp, Stout & Co. v. Standley, 45 Mo. App. 264-268; Henry v. Bell, 75 Mo. 194. And this is true even if the declarations of law given are correct. Moore v. Hutchinson, 69 Mo. 429. This court has already decided that upon the testimony of the plaintiffs' witnesses, plaintiffs are entitled to recover. Dry Goods Co. v. Bank, 72 Mo. App. 226.'

*O. J. Chapman* for respondent.

(1) The judgment of the court is in accord with the undisputed evidence, as all facts, circumstances and testimony establish that plaintiff sold and shipped the goods to Wilhoit & Co. and kept all accounts with them. "Actions speak louder than words." The natural presumption is that one intends the natural consequences of his acts. (2) An antecedent debt is a good and valuable consideration. The case of Wine Co. v. Rinehart, 42 Mo. App. 171, cited by appellant, has been overruled, and it is held, that the lien of a mortgagee, although for a pre-existing debt, is superior to vendor's lien or claims of any kind. Straus v. Rothan, 102 Mo. 261; Corning v. Medicine Co., 46 Mo. App. 16; Taylor v. Smith, 47 Mo. App. 141; Lawrence v. Owens, 39 Mo. App. 318.

SMITH, P. J.—When this cause was here by appeal on another occasion—72 Mo. App. 226—the judgment of the circuit court, which was for the defendant, was reversed for the error of that court in refusing an instruction requested by plaintiff. Since then there has been another trial before the court, without the aid of a jury, in which the defendant again prevailed; and the plaintiff has again appealed.

The record brought before us by the present appeal discloses that the facts which the evidence tends to prove are not materially different from those presented by the record in the former. The instruction which we held, when the case was here before, to have been erroneously refused for plaintiff, was given at the second trial. The plaintiff, however, requested the court to supplement it with a further declaration (No. 2) in substance, that if the defendant took the mortgage executed by Wilhoit & Wilson merely to secure a pre-existing indebtedness, and that there was no other consideration for the execution thereof, then the defendant was not an innocent purchaser for value of the mortgaged property in dispute. The plaintiff by a further instruction (No. 3) requested the court, as a matter of law, to declare that the facts assumed in the preceding instruction were admitted. These declarations of law were by the court refused.

We think they correctly express the law as applicable to the branch of the case to which they relate. The evidence of the plaintiff tends to show that it parted with the goods in dispute under a mistake of fact; that it intended at the time to sell the same to the defendant and not to Wilhoit & Co.; that the goods were turned over to Wilhoit & Co. under the belief that they were the agents of the defendant and to whom alone it intended to extend credit; and that the defendant thereafter refused to recognize the agency of Wilhoit & Co., or their purchase, and refused to surrender the goods to plaintiff. While the goods so obtained by Wilhoit & Co. from plaintiff were in the former's possession they executed to defendant a mort-

gage covering those in dispute to secure a pre-existing indebtedness. It is in effect conceded that there was no other consideration passing from the mortgagee to the mortgagors. Nor is there any contention that this is a case where the consideration for the mortgage was the absolute extinguishment of a pre-existing indebtedness.

We think the rule is now quite well settled that a transfer of personal property as a security for a pre-existing debt does not render the transferee a *bona fide* purchaser for value, since the creditor parts with no value, surrenders no right and places himself in no worse legal position than before. Wine Co. v. Rinehart, 42 Mo. App. 171; Watson v. Woody Printing Co., 56 Mo. App. 145; Strauss v. Hirsch, 63 Mo. App. 95; Dry Goods Co. v. Jacobs, 66 Mo. App. 362; Dymock v. Railway, 54 Mo. App. 400; Hall v. Railway, 50 Mo. App. 179; Bank v. Frame, 112 Mo. 502; Crawford v. Spencer, 92 Mo. 498.

The defendant's counsel is in error in supposing that Straus v. Rothan, 102 Mo. 261, overturns Wine Co. v. Rinehart, *supra*. Only the first paragraph of the latter, which relates to the right of a seller, under section 4914, Revised Statutes, to subject personal property sold by him to the payment of the purchase price thereof, is in any way affected by the former. Taylor v. Smith, 47 Mo. App. 141; Corning v. Medicine Co., 46 Mo. App. 16.

We may infer from the refusal of the learned trial court to give the plaintiff's second and third instructions, or either of them, that it regarded the defendant as standing in the attitude of an innocent purchaser for value, when, under the undisputed facts and the law, as we understand it to be in this jurisdiction, it occupied no such attitude and had no right to invoke the rule protecting innocent purchasers for value. If the court found the facts as hypothesized in the plaintiff's first instruction, which was given and to which we have already made reference, then plaintiff was entitled to re-

cover; for, under the conceded facts, the mortgage afforded no protection against the title of the plaintiff. In our opinion, the court erred in refusing to declare, as it was requested by the defendant's second instruction, to the effect that it was admitted that the mortgage in question was executed to secure merely a pre-existing indebtedness, and that there was no other consideration therefor; and that consequently the defendant was not an innocent purchaser for value.

We shall therefore reverse the judgment and remand the cause with directions to the trial court to retry the same in conformity to the rules of law which we have hereinbefore indicated. All concur.