P. F. EDWARDS, Respondent, v. MISSOURI, KANSAS & EASTERN RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, December 4, 1899.

1. **Notice: UNRECORDED DEED: INQUIRY.** One having such knowledge or information as is sufficient to put a man of ordinary prudence on inquiry is to be regarded as having actual notice.

2. ———: ———: PAYMENT OF PURCHASE MONEY: ACTION. One who after receiving notice of an unrecorded deed pays sufficient of the purchase price of land to cover his damages can not maintain an action against the grantee in such unrecorded deed for damages resulting from his entry thereunder.

3. ———: TENDENCY OF EVIDENCE: POSSESSION. There was evidence offered by defendant which, taken in connection with his possession, tended to show knowledge.

4. **Railroads: FORFEITURE OF CHARTER: BURDEN OF PROOF.** The burden of proof to show that a railroad charter has been forfeited by failure to begin construction, etc., is upon the party asserting it. In the absence of such evidence, the court can not assume the forfeiture.

5. ———: APPROPRIATION OF RIGHT OF WAY: DAMAGES FOR FLOODING. .Where a railroad acquires the title to the right of way from defendant's grantor he can not recover for the appropriation of the land or damages to the farm resulting therefrom, but he may recover for the unskillful construction resulting in the overflowing of the land.

6. **Notice: SUBSEQUENT DEED: INNOCENT PURCHASER: BURDEN OF PROOF.** A claimant under a subsequent deed invalid unless he is innocent, has the burden of proof to show his innocence where the other party does not assume such burden in its pleading.

Appeal from the Boone Circuit Court.—*Hon. J. A. Hockaday* Judge.

REVERSED AND REMANDED.

*Geo. P. B. Jackson* for appellant.

(1) The plaintiff acquired the land from Jas. T. Mc-Baine with notice of the grant of right of way by the latter to

the Central Missouri Railway Co., and therefore was not entitled to recover on the first and second counts. It is not required that he should have been informed of all the details, or have had positive information—"anything which will put a prudent man upon inquiry is notice." Ins. Co. v. Smith, 117 Mo. 261-292, and cases there cited; Maupin v. Emmons, 47 Mo. 304. (2) The deed conveying the right of way was exhibited to plaintiff before he had finished paying for the land. To constitute one an innocent purchaser he must show that he paid the purchase money without notice of any adverse claim. Halsa v. Halsa, 8 Mo. 303; Wormley v. Wormley, 8 Wheat. 421; Frost v. Beckman, 1 Johns. Ch. 288; Paul v. Fulton, 25 Mo. 156; Arnholt v. Hartwig, 73 Mo. 485; Digby v. Jones, 67 Mo. 104. The burden of establishing that one is an innocent purchaser is on him who claims to be such. (3) The grant of a right of way for a railroad relieves the owner of the easement from all liability for damages either on account of the land actually occupied, or of any injury or inconvenience to the land through which the railroad passes. 3 Elliott on Railroads, sec. 937; 1 Rorer on Railroads, 313; R. S. 1889, sec. 2734; Clark v. Railroad, 36 Mo. 202-224; Munkers v. Railroad, 60 Mo. 334; Benson v. Railroad, 78 Mo. 504-513; Abbott v. Railroad, 83 Mo. 271; Jones v. Railroad, 84 Mo. 151; Moss v. Railroad, 85 Mo. 86; McCord v. Railroad, 21 Mo. App. 92. The court therefore erred in refusing the defendant's peremptory instructions. (4) The plaintiff testified that the overflow complained of was occasioned by surface water resulting from excessive rainfall. The defendant was not liable for such damage. McCormick v. Railroad, 57 Mo. 433; Abbott v. Railroad, 83 Mo. 271-280. Waters overflowing the banks of a stream are to be regarded as surface water. Abbott v. Railroad, 83 Mo. 280; Shane v. Railroad, 71 Mo. 248. (5) In the absence of negligent construction, defendant is not liable for overflow caused by the location of its railroad. Cases cited under point 3. The plaintiff was there-

fore not entitled to recover on the third and fifth counts, and the court erred in its ruling upon the instructions relating to those counts.

*Odon Guitar* and *W. H. Truitt, Jr.* for respondent.

(1)   The offer to show by "general notoriety" that J. C. McBaine had conveyed the right of way was properly excluded.   All the world except plaintiff, may have known the fact, yet their knowledge would amount to nothing unless brought home to him.   It must be conceded that our courts have gone a good ways in releasing the "stern and essential" requirements of our registry laws, and the policy of such relaxation may be greatly questioned. (2) When the lawmakers framed our statute providing that no such "instrument in writing shall be valid except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the recorder for record," they hardly dreamed that within a few years, it would be gravely contended by learned counsel in our court of last resort that "general notoriety" was sufficient to impart actual notice of the existence of a deed affecting real estate; and that in a case where the party relying upon the deed, and those under whom it claims, have deliberately withheld the deed from record for more than seven years after its execution; and where the purchaser claiming title adverse to said deed, before consummating his purchase "in the multitude of caution" went to the records and examined them to ascertain if there was any deed or encumbrance in existence affecting the title to the land he was proposing to purchase.   If it can be held in such case the purchaser is not "innocent" then the law in question should be repealed without delay as an instrument of fraud, rather than a shield to the innocent. Such is not the law in letter or in spirit. (3)   Concerning the claim that the corporate existence and powers of the Central Missouri Railway Company had terminated before it con-

veyed the right of way to its successors as held by respondent. See R. S. 1889, sec. 2664; Ford v. Railroad, 52 Mo. App. 439, 451, 452, 453, and particularly opinion on motion for rehearing. The Matter of the B. W. & R'y Co., 72 N. Y. 245; 75 N. Y. 335; Transit Co. v. Brooklyn, 78 N. Y. 524; Bradley v. Reppell, 133 Mo. 545-552; which apply as well in the Griffin case.

ELLISON, J.—This is an action for damages caused by the construction of defendant's railway over plaintiff's land. The petition was in five counts and the judgment was for plaintiff on all but the fourth, in the aggregate sum of $1,600.

The first count was for an entry and appropriation of a strip of land one hundred feet wide through plaintiff's farm without a deed or other permission. The second was damages to the remainder of the farm by dividing in parts, etc. The third was for such careless and unskillful construction as to cause plaintiff's land to overflow. The fourth was for damages occasioned in 1893 by destruction of eight acres of wheat growing on said lands and destroyed by overflow caused by the construction of defendant's road. The fifth was for the destruction in 1894 of forty-five acres of timothy and clover growing on plaintiff's land by an overflow caused by the careless and unskillful construction of defendant's roadbed.

It appears that defendant is the successor of the Central Missouri Railway Company. That the land in controversy was formerly owned by one McBaine and that he conveyed the right of way through said land one hundred feet wide to the latter company which conveyed to defendant. That afterwards, plaintiff purchased the lands of McBaine's executors and had his deed recorded. That the deed to the Central Railway Company was not recorded until some time after plaintiff's purchase and he had no actual notice thereof, though defendant claims he had such knowledge as was sufficient to put a man of ordinary prudence on inquiry and that he is in

consequence to be charged with actual notice of the unrecorded deed. It further appears that plaintiff did not pay the full purchase price at the time of his purchase and that while yet owing $1,000 of such purchase money he became actually aware of the unrecorded deed.

The court gave instructions for plaintiff which declared that his title was better than that conveyed by the unrecorded deed and that such unrecorded deed was no defense unless plaintiff had actual notice thereof at the time of his purchase. It was error to so instruct; for if plaintiff had such knowledge and information as was sufficient to put a man of ordinary prudence on inquiry, he is to be regarded as having actual notice. This is the construction given to section 2420 of the statute. Maupin v. Emmons, 47 Mo. 304; Meier v. Blume, 80 Mo. 179; Jennings v. Todd, 118 Mo. 296; Bank v. Frame, 112 Mo. 502; Eck v. Hatcher, 58 Mo. 235.

It was also error to give such instruction since it appears that when plaintiff did become possessed of actual notice in fact of the existence of the unrecorded deed he had in his hands $1,000 of the purchase price of the land and this was more than he claims the strip in controversy was worth. He can not claim to be an innocent purchaser. Halsa v. Halsa, 8 Mo. 303; Wormley v. Wormley, 8 Wheat. 421; Frost v. Beckman, 1 Johns. Ch. 288; Paul v. Fulton, 25 Mo. 156; Arnholt v. Hartwig, 73 Mo. 485; Digby v. Jones, 67 Mo. 104. Having the means, it was his duty to protect himself.

It is suggested that there was no evidence that plaintiff had information or knowledge sufficient to put him on inquiry. Defendant however offered evidence, some of which was excluded, the tendency of which, connected with other facts (among them possession of the strip) was to show such knowledge. Musick v. Barney, 49 Mo. 460.

But plaintiff contends that the Central Missouri Railway Company had ceased to be a corporation at the date of its deed

to the defendant company.   The ground of this contention is that such company did not begin the construction of its road 'within two years after its organization, and did not within one year thereafter expend ten per cent of its capital as required by section 2664, Revised Statutes 1889.   There was no evidence as to this, and in our opinion in order to destroy the effect of defendant's title to the right of way plaintiff should have made proof of those facts.   In the absence of evidence we can not assume the charter was forfeited and the corporate existence ceased by failure to comply with the statute.   The burden was on plaintiff to show this.

If under the views we have expressed it develops on a retrial that defendant has acquired title to the right of way, plaintiff can not recover for the appropriation of the land, or for dividing it as prayed in the first and second counts; yet he would be entitled to recover damages which may have resulted to him from the careless, negligent or unskillful construction of the road whereby the lands were overflowed.   3 Elliott on Railroads, sec. 937; Clark v. Railway, 36 Mo. 202, 224; Abbott v. Railway, 83 Mo. 272; Moss v. Railway, 85 Mo. 86.

A question is made here as to where the burden of proof was on the question of plaintiff's being an innocent purchaser without notice of the prior unrecorded deed.   Ordinarily the burden would be on the party whose case depends on his innocence and lack of notice.   Here the plaintiff's claim of title being by a subsequent deed is invalid unless he can establish that he was an innocent purchaser (Halsa v. Halsa, 8 Mo. 304), unless he had been relieved of the burden by defendant assuming it by answer.   And whether he has or not becomes unimportant in view of the practical concession that he was aware of the prior deed before paying the balance of purchase price.

It results from the foregoing that the judgment must be reversed and the cause remanded.   All concur.