## D. H. McADOW, Respondent, v. S. A. WIGHT, Appellant.

### Kansas City Court of Appeals, January 27, 1908.

1. **CONTRACT: Reforming Deed: Taxes: Notice.** Where a purchaser takes the deed of his vendor's grantor and has notice that there exists a contract between his vendor and his grantor in regard to the sale of the land conveyed, he is charged with notice of the contents of such contract.

2. ——: ——: ——: ——: **Evidence.** Evidence is reviewed and it is held that the plaintiff is charged with notice of the contract existing between his vendor and his grantor and that the party adjusting the sale between the three was the agent of the vendor and not of the grantor, and that the deed should be reformed so as to except the taxes excepted in the contract.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman,* Judge.

REVERSED AND REMANDED (*with directions*).

*S. A. Wight pro se.*

(1) One who purchases land from another who is in actual possession under a contract from one who has the legal title or who has notice of such contract, stands in the place of the one from whom he purchases and is bound by the provisions of the contract under which his vendor holds. Edwards v. Railway, 82 Mo. App. 96; Rhodes v. Bank, 48 Mo. 367; Randolph v. Wheeler, 182 Mo. 180; Hagman v. Shaffner, 88 Mo. 24;

Maupin v. Emmons, 47 Mo. 304; Bank v. Frame, 112 Mo. 502; Ekos v. Hollin, 58 Mo. 241. (2) The deed made by appellant to the respondent having been made in pursuance of the original contract between appellant and Whitehill, should be reformed so as to embrace and carry out such original contract, if it is shown to the court that a material reservation in the original agreement was omitted from the deed by mistake. Cassidy v. Metcalf, 66 Mo. 519; Summers v. Coleman, 80 Mo. 488; Young v. Coleman, 43 Mo. 179; Hagman v. Schaffner, 88 Mo. 28.

*A. T. McAdow* and *VanPool & Martin* for respondent.

(1) It is unnecessary to take up the authorities cited by appellant for the reason that the law as laid down by appellant has no application to the facts in this case. There is no pretense that the Whitehill contract was on record, neither is there any evidence that McAdow ever saw it, but the evidence is to the contrary. Neither did any one inform him of its contents, nor did he have any knowledge either actual or constructive of its contents. (2) To put the most liberal construction possible on the evidence, Wight was suffering Jones to act for him with McAdow, for under Jones' direction Wight was executing the deed to McAdow clear of all encumbrance just as Jones had said he would. Wight then must be presumed to have executed the deed in accordance with the representations which Jones had made to McAdow. At the time of executing said deed Wight had the Whitehill contract in his possession and knew its contents, yet he executed a clear warranty deed.

ELLISON, J.—This action is based on the covenants of warranty in a deed to certain real estate. The breach of warranty consisted in an encumbrance for the taxes for the year 1903. The judgment was for the plaintiff in the trial court.

It appears that defendant sold the land in question to one Whitehill on July 21, 1902, for $550, as evidenced by a written contract. No purchase money was paid in cash but Whitehill executed promissory notes therefor, one for $25, due the following November, and six for $50 each, due July 1st in years 1903, 1904, 1905, 1906, 1907 and 1908, respectively, and one for $100, due July 1, 1909, and one for $125, due July 1, 1910,—all except the first one to bear interest at seven per cent. The contract provided that on payment of the notes Whitehill or his heirs or assigns should receive a warranty deed. The contract further provided that Whitehill was to pay the taxes after the year 1902. The contract was signed by both defendant and Whitehill.

On March 24, 1905, the plaintiff purchased the property for $1,200, cash. He made the purchase through one Jones as agent. The defendant not having made a deed to Whitehill, Jones deducted from the $1,200 paid by plaintiff, the balance of the purchase money due defendant from Whitehill and turned it over to defendant who thereupon made the warranty deed, the covenants of which are the foundation of this action. In that deed the defendant, by mistake, oversight or inadvertence, failed to except the taxes after 1902 from the operation of the covenants, as provided by the contract of sale to Whitehill. His answer contains a prayer asking that the deed be reformed so as to incorporate the omitted exception of taxes from the warranty.

There was considerable evidence bearing on the question of whether Jones was the agent of defendant or Whitehill in making the sale to plaintiff. There was evidence tending to show that plaintiff did not see the contract of sale from defendant to Whitehill and that he did not know that it contained the exception as to taxes. But *he did know* that Whitehill had purchased the property and had received *a written contract of sale*. He must therefore be held, as a matter of law, to have known

the contents of such contract. [Hagman v. Shaffner, 88 Mo. 24; Bank v. Frame, 112 Mo. 502; Maupin v. Emmons, 47 Mo. 304; Rhodes v. Bank, 48 Mo. 367; Edwards v. Railway, 82 Mo. App. 96.] While it was understood between him and Jones that he would get his deed from the defendant and that it was to be a warranty deed, and while nothing was said about an exception as to taxes, yet he knew by legal intendment, that defendant was not to warrant as to the taxes in question; unless, indeed, he could make out that for some reason defendant made a new agreement with him whereby he would do away with that exception.

To this end there was an endeavor to show that in the sale to plaintiff Jones was acting as the agent of defendant. The face of the record shows that could not be true. Notwithstanding the conceded fact that Jones was defendant's agent in the sale of several pieces of real estate which he owned in the vicinity of that in controversy and that he frequently paid defendant's taxes and collected money at times which arose from sales made by him, yet the transaction here shows for itself that he could not have been acting as defendant's agent in making the sale to plaintiff. In the first place plaintiff, in reality had nothing to sell unless it should be the unpaid notes. The substantial and real owner of the property was Whitehill. He had bought it, had entered into possession and built a house; and it was sold for an advance of *more than double* what he paid for it. Indeed, since plaintiff knew of the contract, there could not have been a sale by any one save Whitehill. A sale by defendant would have been without effect and could not have disturbed Whitehill's rights. So it seems plainly unreasonable to say that defendant could have had any connection, through an agent or otherwise, with selling the property to plaintiff save to make a deed to him as he was bound to do under his contract with Whitehill to the effect that the deed should be made to the latter or

his heirs or assigns. Plaintiff, though not having a formal written assignment of the contract, was, in effect, necessarily the assignee.

Added to the unreason of saying that Jones was defendant's agent in making the sale to plaintiff is the patent fact that defendant could have had no cause for desiring a sale to be made to the plaintiff. His claim against the property had been reduced through payments by Whitehill, including interest, to $445, and the property sold for $1,200. He was entirely secure and his money was drawing a high rate of interest. There was nothing whatever in the situation to cause him to take on obligations with plaintiff beyond what he had with Whitehill.

We are satisfied that the deed should have been reformed, and that the judgment should have been for the defendant. The judgment will be reversed and the cause remanded that such judgment may be entered. All concur.