PAUL *et al.*, Appellants, v. FULTON *et al.*, Respondents.

1. To constitute a person a *bona fide* purchaser for value without notice within the rule that protects such a purchaser the purchase money should be paid before notice is received.

2. A., holding lands in trust, devised them to his executor with direction to sell and convert into personal property; the executor sold and conveyed the

Paul v. Fulton.

same; *held*, in a suit against the purchaser and the executor to establish the trust, that the heirs of A. were not necessary parties.

3. Where the St. Louis Land Court rightfully obtains jurisdiction in a case, although the facts afterwards disclosed would have authorized a proceeding in another court, the Land Court should furnish relief.

### Appeal from St. Louis Land Court.

This was a suit brought by the heirs of Gabriel Paul against William Fulton and Marshall Brotherton, the latter the executor of the will of René Paul, deceased. Plaintiffs state in their petition that on the 20th of August, 1838, they, together with their father, Gabriel Paul, deceased, were the owners of one-half of a certain tract of land, the other half being owned by René Paul and his children; that by virtue of a certain decree of partition said tract was sold by commissioners appointed for that purpose on the 20th of August, 1838, and by agreement between the said Gabriel Paul and René Paul, the said René became the purchaser at said commissioner's sale for the joint benefit of himself and the said Gabriel Paul, and the deed for said land was made to René Paul by said commissioners for the benefit of himself and the said Gabriel Paul; that at the said sale the said René Paul paid no money for said land, but that the same was purchased by him in his own name for the joint benefit of himself and the said Gabriel; that no part of said consideration was ever paid to these plaintiffs; that plaintiffs are the only heirs of Gabriel Paul; that René Paul, by his last will, devised all his estate, real and personal, to his executors, Marshall Brotherton and Archibald Gamble, of whom only the first named qualified; that said Brotherton, by virtue of the power conferred upon him by said will, conveyed one-half of said tract of land to William Fulton, and the other half to the trustee of Louise Gosnell, wife of George W. Gosnell; that said Louise and her trustee conveyed their half to the said Fulton; that, said Fulton and said Louise Gosnell, who was daughter and heir of René Paul, had full notice of the equitable title of plaintiffs at the date of their purchases. " Plaintiffs therefore pray that said defendant Fulton be declared a

11—VOL. XXV.

trustee for the plaintiffs for one-half of said tract of land, and that he be required to convey to the said Estelle, Adolphe and Therese, the said one-half of said land. If, upon trial, it shall appear that said Fulton has been a purchaser of any part of said land without being chargeable with notice, then the plaintiffs pray that for such portion the said Brotherton be required to account for and pay to the plaintiffs the same proportion of money for which he sold the said land, to-wit: $5150.80."

Fulton, in his answer, denies all knowledge of the alleged purchase by René Paul for the joint benefit of himself and Gabriel Paul; admits the purchases alleged from Brotherton and Mrs. Gosnell and her trustee; but "denies that at the time he made said purchase he had any notice whatever of any title of plaintiffs to said land, either legal or equitable."

Brotherton, in his answer, denied all knowledge of the trust.

The cause was tried by the court sitting as a jury; its finding of the facts is set forth below in the opinion of the court. A motion for a review filed in behalf of plaintiffs was overruled. Service of process was had in this suit upon defendant Fulton, August 2, 1855, and upon Brotherton August 9, 1855.

*Whittelsey, Glover & Richardson*, for appellant.

I. Gabriel Paul, in his lifetime, was the equitable owner of one-half the land, and was entitled to a conveyance therefor. This equity descended on the plaintiffs, and they can enforce it against any one holding the legal title who is chargeable with the trust.

II. The legal title is in Fulton, and he ought to be compelled to convey one-half the land to the plaintiffs unless he can shield himself under the guard the law furnishes to the *bona fide* purchaser for a valuable consideration without notice. Fulton does not by his answer or the proof secure the protection of a purchaser without notice of the outstanding equity. Notice before the payment of the purchase money

Paul v. Fulton.

is equivalent to notice before the contract. (7 Mon. 597; 2 White & Tud. L. Cas. 77; Halsa v. Halsa, 8 Mo. 303; 8 Wheat. 421; 7 John. Ch. 65; 1 Johns. Ch. 288; 3 Atk. 304; Boone v. Chiles, 10 Pet. 211; 4 Dess. 287.) Mrs. Gosnell was a volunteer. She paid nothing, and receiving a portion of the land as a part of her distributive share of her father's estate, she took it with all the equities charged upon it. Taking property in payment of a precedent debt does not make the buyer an innocent purchaser as against the holder of a prior equity. (Rowan v. Adams, Sm. & Marsh. Ch. 49; 4 Scam. 390; 4 Paige, 215.)

III. Proper parties were before the court, and if they were not the court ought not for that reason to have dismissed the cause. (19 Mo. 403; Pract. Act, 1849, art. 3, § 10.) The plaintiffs being heirs of Gabriel Paul were proper parties plaintiff. Fulton was a proper and necessary party defendant. Under the code of 1849 a suit should not be dismissed for want of proper parties, provided there is one proper plaintiff and one proper defendant. René Paul, by his will, directed that his real estase should be converted into money by his executor, and as to his heirs it should be treated as chattels, and represented by his executors. Brotherton was a proper party, and for another reason, that complete justice might be done to all the parties, which might require Brotherton to surrender to Fulton the notes which represented one-half the purchase money.

*T. T. Gantt*, for respondent.

I. The petition is in the alternative and asks for one of two forms of relief, which is inadmissible. (Robinson v. Rice, 20 Mo. 229.)

II. In the hypothesis that plaintiffs are entitled to recover land, they are entitled to recover against the legal tenant, Fulton; and the Land Court has jurisdiction, but Brotherton is not a proper party to the action, and the heirs of René Paul are.

III. In the hypothesis that is suggested secondly in the petition, the personal representatives of Gabriel Paul will be

perhaps entitled to a sum of money, but they are not parties to the record, and the Land Court has no jurisdiction of a money demand ; so that in no case can the Land Court give the required relief.

IV. The court found that Fulton was a purchaser for value without notice. The land then is out of the reach of the heirs of Gabriel Paul ; for in this case the petition waives all claim to the land, and asks for money only. Fulton paid to Brotherton one-half the purchase money for the moiety which he bought in 1852, and has paid Gosnell, making three-fourths of the money paid by Fulton.

RYLAND, Judge, delivered the opinion of the court.

In this case, the court below should have sustained the plaintiff's motion to review the finding of the facts made by the court in respect to the question of the trust in favor of the plaintiffs, and also in regard to notice by Fulton. The court omits to find any thing in respect of the interest, title or estate of the plaintiffs, the heirs of Gabriel Paul, in and to the lands or the money arising on its sale. The finding shows " that in June, 1837, René Paul and his children, Gabriel R. Paul, Edmund W. Paul, Emilie Paul, Louise Paul, Tullia Paul, and Julia S. Paul, were tenants in common with Gabriel Paul and his children, Adolphe Paul, Estelle Paul, and Therese, in the lands and premises in dispute ; that certain proceedings were had in a suit in partition between these tenants in common, and that the land was sold by commissioners appointed for that purpose, and that René Paul became the purchaser in August, 1838 ; that René Paul received a deed from the commissioners for the land ; that Paul paid no money to the commissioners for the land except the costs of the proceedings in partition ; that at the time of the execution of the deed by the commissioners to said Paul, it was understood that he was to furnish to them the receipt of himself and his brother Gabriel for the amount of the purchase money of said land ; that one-half of the amount paid by said René Paul for the costs of said partition suit was af-

terwards paid to him by Gabriel Paul; that neither René or Gabriel ever paid any money on said sale, except the costs of said suit; that on the same day of the date of the deed from the commissioners, August 21, 1838, René Paul declared in writing that the purchase of said land at said commissioners' sale was made on the joint account of himself and Gabriel; and René Paul again, in April, 1841, stated, in a memorandum addressed to Gabriel, that said Gabriel had one-half interest in the land in question; that during all this time, and up to August, 1843, there were transactions between the brothers Gabriel and René, in regard to the purchase and sale of lands, both in the city and county of St. Louis, on their joint account; that on the 14th day of August, 1843, René Paul claimed a balance as due to him on account of their general transactions.   Gabriel Paul died in 1846, leaving heirs, Adolphe, Estelle and Therese; and René Paul died in May, 1851, leaving heirs, Gabriel R., Edmund W., Emilie, Louise and Tullia; that René, by his will, (after specifically devising one lot of land,) directed his executors to sell and convey absolutely all his remaining real and personal estate, and directed the disposition of the proceeds thereof; that in June, 1852, in pursuance of the directions contained in said will, the defendant, Marshall Brotherton, sold and conveyed the land in question to Wm. Fulton and the trustee of Louise A. Gosnell, wife of George Gosnell, and daughter of René Paul, for the sum of $5,150.80; that in payment for the same, the receipt of Mrs. Gosnell and her husband was taken on account of money coming to her under her father's will for a portion of the purchase money, and for the balance notes were taken, and that there is still due and unpaid of said purchase money the sum of $2,575.40 and interest thereon; that on the 6th day of May, 1853, Louise Gosnell conveyed her interest to said Fulton; that neither said Fulton nor Louise Gosnell had any actual notice of the claims of the plaintiffs to said land until the commencement of this suit; and that Gabriel and René Paul were at variance for many years, and were reconciled to each other about one year be-

fore the death of Gabriel. Thereupon the court declares that the plaintiffs are not entitled to the relief asked for in this petition against the defendants."

It will be seen from the finding that the court does not touch the subject of the trust—does not, except by inference, state any thing about the rights of claims of the plaintiffs. The land was sold under partition proceedings, bought by René Paul for himself and his brother Gabriel, on their joint account. A deed was made to René Paul alone. No money was paid by either of them for the land—nothing except for costs of suit in partition. The deaths of Gabriel and René Paul follow after some years, without showing any change in their rights to the lands. Now there can not be much doubt but that Gabriel Paul must in equity be considered an equal owner with his brother René of the lands bought at the commissioners' sale. The heirs of each must succeed to all the rights of the ancestors. The finding of the court in regard to the plaintiffs' right to the lands should have been made, and it is erroneous to leave that important matter alone to inference.

In regard to the notice to Fulton, the court ought also to have sustained the motion to review. From the evidence presented in the record in regard to this fact, there can be no doubt of his receiving notice of the claim of the plaintiffs before he paid any part of the money ; indeed, half the purchase money is still due and unpaid. Fulton can not, under such circumstances, be considered a purchaser without notice. Upon the point of notice to Fulton the authorities place the matter beyond question. Here the plaintiffs claim only one-half of the land purchased by Fulton ; or if he be viewed in the light of an innocent purchaser for valuable consideration, then only half the amount of the consideration money for which the land was sold by Brotherton. The suit in this case was actual notice, and when it was commenced, Fulton had not paid more than half the purchase money for the land. The English equity doctrine is, that for the purchaser to be considered entitled to the favorable posi-

Paul v. Fulton.

tion of one buying without notice, there must be an entire payment in full of the consideration money, and the reception of a deed or conveyance from the grantor ; that the sale must be consummated and completed on both sides before notice given or communicated. In the United States the doctrine has not been quite so rigid. · Payment in full, without a deed, has been considered enough to protect the purchaser before notice, and even it has been held that payment in part has been considered in some cases sufficient to protect him for so much or such portion.

We are at a loss to ascertain the grounds on which the court below decided the case. The facts found by the Court, strip the defendant Fulton of all right to be held as an innocent purchaser without notice. The claim of the plaintiffs does not seek for more than half the land, or half the purchase money. Fulton has not yet paid more than half of the purchase money ; so, giving to him the most favorable position that has yet been allowed by any of the courts of our sister states, and he can not be considered an innocent purchaser without notice in this case. " It is well settled, moreover, that to entitle a purchaser to protection the consideration of the purchase must not only be valuable but must have been wholly or partially paid or executed. Vattier v. Hude, 7 Pet. 252 ; Doswell v. Buchanan's Exec'r, 3 Leigh, 365 ; Dellard v. Crocker, 1 Speer Eq. 20 ; Bash v. Bash, 3 Stobhart's Eq. 131 ; Kyle v. Tait's Adm'r, 6 Grattan, 44 ; Cole v. Scott, 2 Wash. 141." (2 White's Lead. Cas. in Equity.) It is held both in this country and in England that actual payment is in general necessary to the character of a purchaser for valuable consideration ; and that giving security or executing an obligation for payment will not be sufficient. (High v. Batte, 10 Yerg. 555 ; Christie v. Bishop, 1 Barb. Ch. 105 ; Murray v. Ballou, 1 Johns. Ch. 566 ; Hunter v. Sumrall, 3 Littell, 62.) Payment in bills or notes of third persons will however · be equivalent in most cases to actual payment, (Jewett v. Palmer, 7 Cow. 651) ; and the same effect would seem to be due to payment in the notes of

the purchaser, if negotiable in their character and actually negotiated so as to render him liable to pay them at all events. (Frost v. Beekman, 1 Johns. Ch. 288; Freeman v. Deeming, 3 Sandford, 327; 2 White Lead. Cas. Eq. 113.) In Wormley v. Wormley, 8 Wheat. 449, Mr. Justice Story said: "It is a settled rule in equity that a purchaser without notice, to be entitled to protection, must not only be so at the time of the contract or conveyance, but must be so at the time of the payment of the purchase money."

We do not consider it necessary here to make the heirs of René Paul defendants. The land sold and sued for in this action was sold under the will of René Paul by his executor—the will directing the sale of all his remaining property, after a special legacy of a lot, and directing a distribution of the proceeds. Fulton was a proper party; so was Brotherton, the executor; but we can not see any objection to the relief sought for by the plaintiff by reason of their failure to make the heirs of René Paul parties defendant.

The petition sets out facts showing a case fully within the jurisdiction of the Land Court. That court then had jurisdiction at the commencement. Now if, in the progress of the case, the facts should so turn out that some other court might also lawfully entertain jurisdiction and give the relief, yet, in the opinion of this court, this circumstance does not and should not deprive the Land Court of its jurisdiction and authority to go on with the case, and give the relief which the nature of the facts and circumstances require. Having once obtained jurisdiction in the case, if the facts afterwards disclosed would, if known, have authorized a proceeding, differently instituted, in another court, still the Land Court should go on and settle the controversy, and not stop short and turn the plaintiffs out to seek a new jurisdiction at the expense of two suits, when one might answer. The judgment below is reversed, and the cause remanded; Judge Scott concurring; Judge Leonard absent.