Arnholt v. Hartwig.

---

ARNHOLT v. HARTWIG *et al., Appellants.*

**Fraudulent Conveyances**: BONA FIDE PURCHASER. To entitle the vendee of property transferred in fraud of the vendor's creditors, to be treated as a *bona fide* purchaser, it must appear that he actually paid the purchase money before he had any notice of the fraud. It is not sufficient that he had agreed upon the purchase before receiving notice. Hence, where the purchaser gave his check for the purchase money, but with the understanding that it was not to be paid immediately, and instructed his banker to withhold payment until further orders, and after notice that creditors of the vendor had attached the property alleging fraud in the transfer, he ordered the check paid, and it was paid to the vendor; *Held*, that he was not entitled to be considered a *bona fide* purchaser.

*Appeal from Buchanan Circuit Court.*—HON. JOS. P. GRUBB, Judge.

REVERSED.

*Allen H. Vories* for appellants.

Plaintiff did not pay the money until after the levy of the attachment, and notice thereof, and hence is not an innocent purchaser to be protected by the courts. *Bishop v. Schneider*, 46 Mo. 472; *Rice v. Bunce*, 49 Mo. 234; *Paul v. Fulton*, 25 Mo. 156; *Aubuchon v. Bender*, 44 Mo. 560; *Nantz v. McPherson*, 7 B. Mon. 597; *Digby v. Jones*, 67 Mo. 104. The giving of the check by Arnholt to Fredericks, and ordering the banker not to pay the same until further orders, and not paying it from January 3rd to 26th, was not a payment, and such conduct did not entitle him to the goods. *Paul v. Fulton*, 25 Mo. 163; *High v. Batte*, 10 Yerg. 186; *Christie v. Bishop*, 1 Barb. Ch. 105; *Murray v. Ballou*, 1 Johns. Ch. 566; *Wormley v. Wormley*, 8 Wheat. 449; *Sweet v. Titus*, 67 Barb. 327; *Kermeyer v. Newby*, 14 Kas. 164; *Larue v. Cloud*, 22 Gratt. (Va.) 513; *Stevens v. Park*, 73 Ill. 387; *Phillips v. Bullard*, 58 Ga. 256; *Howard v. Jones*, 33 Mo. 583.

*Strong & Mossman* for respondent.

It is only when the vendee has notice of a fraudulent intent on the part of the vendor before parting with anything of value, or when he makes a voluntary payment after such notice that he is deprived of protection as an innocent purchaser. Even this is a rule applied only in favor of a legal or equitable title, interest or lien to the land or property itself. Here it is sought to be applied in aid of a creditor without right, interest, lien or claim on the property, to enable him to collect a debt. In order to enable a subsequent purchaser to set aside a conveyance of property of which he has knowledge at the time of his purchase, the statute requires that it "appear that the grantee in such conveyance, or person to be benefited by such charge, was party or privy to the fraud intended." R. S., § 2498. An attaching creditor occupies no more favorable footing. Actual notice was not enough to set aside the sale. Arnholt must be either " a party or privy

to the fraud intended." R. S., § 2498; *Gentry v. Robinson*, 55 Mo. 260; *Little v. Eddy*, 14 Mo. 160; *Byrne v. Becker*, 42 Mo. 264; *Jones v. Talbot*, 4 Mo. 279; *Sibly v. Hood*, 3 Mo. 290; *Potter v. Stevens*, 40 Mo. 229. The sale was absolute. Arnholt was bound by his contract to pay his check when his partner returned. The title passed, and the possession was taken. The fact that he subsequently paid the check in compliance with his contract cannot taint with fraud a contract already consummated, which was free from suspicion of it when made.

*B. F. Loan* also for respondent.

HENRY, J.—The appellants were creditors of one Fredericks, and instituted a suit by attachment, under which the property in controversy was seized as that of Fredericks, and Arnholt filed his interplea claiming the same. The grounds for the attachment alleged in the affidavit were that the defendant had fraudulently conveyed, had fraudulently disposed of and was about fraudulently to dispose of his property and effects so as to hinder and delay his creditors. Before the levy of the attachment the interpleader, Arnholt, had purchased of Fredericks and taken possession of the property in controversy, and given Fredericks his check on his banker for $500 in payment therefor, requesting Fredericks not to present it for payment until Arnholt's partner, who was absent, returned, and also instructed the banker not to pay it until further directions from him. After notice of the attachment, the check, by Arnholt's direction, was paid to Fredericks. There was evidence tending to prove that Fredericks sold the property for the purpose of hindering and delaying his creditors, and it may be conceded that at the time of the purchase Arnholt had no knowledge that such was Fredericks' purpose, and the question then arises whether notice to him of the attachment before the check on his banker was paid deprived him of the character of a *bona fide* purchaser?

We are of opinion that it did. "No one but a purchaser for a valuable consideration can claim title to property which has been fraudulently assigned against the action of an attaching creditor. Such purchasers are protected upon the equitable principle that they should not be deprived of that which they have honestly and without notice of any fraud bought and paid for in fair dealing with the person holding the legal title. But the consideration must, in all cases, be actually passed before notice. Unless payment has been actually made in some shape, the authorities are quite clear that the purchase will not be upheld. In equity a purchaser is protected to the extent of the payments actually made, and no further, even where future payments are provided for, unless those are secured in such a manner that the purchaser cannot be relieved against them. This could only happen where he gives negotiable paper; for upon a debt not negotiable the failure of title would exonerate him." *Dixon v. Hill*, 5 Mich. 408. The foregoing extract from the opinion of the supreme court of Michigan, states the doctrine on this subject as generally received both in England and the United States. In *Paul v. Fulton*, 25 Mo. 163, the court observes: "It is held in this country and in England that actual payment is in general necessary to the character of a purchaser for valuable consideration, and that giving security or executing an obligation for payment will not be sufficient. Payments in bills or notes of third persons will, however, be equivalent in most cases to actual payment; and the same effect would seem to be due to payment in the notes of the purchaser, if negotiable in their character and actually negotiated so as to render him liable to pay them at all events." In *Wormley v. Wormley*, 8 Wheat. 449, Judge Story said: "It is a settled rule in equity that a purchaser without notice, to be entitled to protection, must not only be so at the time of the contract or conveyance, but must be so at the time of the payment of the purchase money."

In the case at bar the interpleader had given his check

on his banker, and although there is no evidence to show that the check was negotiable, we may assume that it was; yet that fact cannot avail the interpleader, inasmuch as it was never negotiated, but was paid to Fredericks by the banker with the consent and by direction of Arnholt after the latter had notice of the attachment proceeding. By the payment under such circumstances, however innocent Arnholt may have been of any fraud in the purchase in the first instance, he became an actual participant in Fredericks' fraud upon his creditors.

The cases which are apparently in conflict with this doctrine are garnishment proceedings, in which it was sought to charge the garnishee as the debtor of the defendant in an execution, in which it is held that garnishment in such cases only lies to subject those demands for which the judgment debtor could maintain debt or *indebitatus assumpsit;* and on the same principle, under a statute which renders one liable on garnishment to the plaintiff in an execution for property in his hands alleged to belong to the defendants in the execution, if the latter could not maintain an action to recover it against the garnishee neither could his creditor, but the attachment of goods alleged to be the property of the defendant in the hands of a third person on the ground of fraud in the sale of the property attached, rests upon a different principle. The judgment is reversed and the cause remanded. All concur, except NORTON, J., who dissents.