HARRIETTE  E.  GREENLEE,  Respondent,  v.  J.  B.
MARQUIS *et al.*, Appellants.

St. Louis Court of Appeals, April 19, 1892.

**Fraudulent Conveyances:** BONA FIDE PURCHASER FOR VALUE:
NOTICE OF EQUITIES.  The fact, that the vendee of property has given
his negotiable promissory notes to the vendor for the purchase price,
will not constitute him a *bona fide* purchaser for value so as to cut off
the equities of a third person, if it appears that the vendee was
notified of those equities while the notes were in the hands of the
vendor.  And *held*, in the course of discussion, that in such case the
vendee can enjoin the negotiation of the notes, and if, in consequence
of his failure to take steps in that direction, the notes are transferred
to an innocent purchaser the vendee must suffer the loss.

*Appeal from the  Greene  Circuit  Court.*—HON.  W.  D.
HUBBARD, Judge.

AFFIRMED.

*Wm. O. Mead*, for appellants.

There is no evidence in the case that the defendant
Marquis had any knowledge of the fact that the satis-
faction of the deed of trust as to lot 54 was entered by
mistake, or of any fact calculated to put a prudent man
upon inquiry as to why it was so entered; and where
one or two innocent parties must suffer loss, as in this
case, he through whose fraud, carelessness or mistake
the loss occurs must suffer such loss.  Therefore, the
finding and judgment of the circuit court is for the
wrong party.  *Fowler v. Allen*, 7 L. R. A. 745; *Roote
v. French*, 13 Wend. 570; *Cupples v. Whelan*, 61
Mo. 586; *Rice v. Coffman*, 56 Mo. 434.  The plaintiff
entered the satisfaction on the margin of the record of

the deed of trust, and even though this was done by mistake injury would result to the defendant Marquis, should the judgment of the lower court be permitted to stand; and this was the cause of his making the purchase of the lot from the defendants Witt, and altering his condition. The plaintiff is estopped from asserting any claim under the deed of trust adverse to the interest of Marquis. *Acton v. Dooley*, 74 Mo. 67; *Sav. Ass'n v. Kehler*, 7 Mo. App. 158.

*Heffernan & Buckley*, for respondent.

In this case Witt was undoubtedly a fraudulent grantor, and while his grantee, Marquis, was not positively shown to have known or participated in the fraud at the time of the purchase, yet having paid no money but given notes, and having received notice of the fraud before the payment, the law is for plaintiff. For if a *bona fide* grantee receive notice of a fraud before payment, it is held, that he is not thereafter a *bona fide* purchaser for value, and giving security does not relieve him from his attitude. *Arnholt v. Hartwig*, 73 Mo. 485; *Dougherty v. Cooper*, 77 Mo. 528; *Young v. Keller*, 94 Mo. 581; *Conrad v. Fisher*, 37 Mo. App. 411. Where the vendor's object in making the sale is to defeat his creditors, three conditions must concur to protect the purchaser's title as against such creditors: *First.* He must buy without notice of the bad intent of the vendor. *Second.* He must be a purchaser for a valuable consideration. *Third.* He must have paid the purchase money before he had notice of the fraud, and, where the purchaser did not actually pay the purchase money before such notice, it is not sufficient that he had agreed upon the purchase before notice. *Cheek v. Waldron*, 39 Mo. App. 21; *Sexton v. Anderson*, 94 Mo. 373; *Garesche v. McDonald*, 103 Mo. 1.

ROMBAUER, P. J.—This is an action to cancel an entry of an erroneous lease upon the margin of the record of a deed of trust in the records of deeds of Greene county, and to substitute in lieu thereof the entry which was in accordance with the intention of the parties. The trial court granted the relief prayed for, and the main contention of the defendants on this appeal is that the decree is not supported by the evidence.

The facts, as stated in plaintiff's petition, and as shown upon the trial by uncontroverted evidence, may be briefly stated as follows: The plaintiff held a deed of trust on lots 49 and 54 of the southern addition to Springfield. This deed was executed by the defendants Witt, who were husband and wife, on the twenty-ninth day of January, 1889, and secured an indebtedness of $1,000 due from them to the plaintiff. At that date the defendants Witt, having a chance to sell lot 49, requested the plaintiff to release that lot from the lien of the deed of trust, and the plaintiff consented to do so. For the purpose of doing so, the plaintiff called at the recorder's office, and by a mistake in the entry of release on the margin of the record she released the entire deed of trust. Neither of the parties was aware of this mistake until March, 1890, when the Witts desired to raise some money on lot 54 for the purpose of paying off the indebtedness of $1,000 still due to the plaintiff. They were then informed by an examiner of the title that there was no incumbrance on lot 54, and, learning of that fact, they immediately sold the lot to the defendant Marquis for a consideration of $1,700. *No part of this consideration was paid in cash,* but Marquis executed in payment thereof his three negotiable promissory notes to the Witts, the one first maturing being payable six months after date. Marquis was a young unmarried man without any means whatever,

had been in Springfield but a short time, and left shortly thereafter, and this was the only purchase of real estate he ever made in that town. Although a witness in his own behalf, he failed to show how he came to buy this property, but simply stated that he bought it in good faith without knowledge of the plaintiff's alleged claim of mistake. Within a day after the deed of the Witts to Marquis was placed upon the records, the plaintiff learned of that fact, and her representatives called upon Marquis and informed him that the deed of trust had been released by mistake, that his grantors knew of that fact, and that the best thing he could do was to reconvey the property and redemand his notes, which he declined to do. The plaintiff thereupon instituted her present proceeding, and filed her notice of equitable lien under the provisions of section 6759, of the Revised Statutes of 1889, concerning the formal sufficiency of which no question is made in the record. There is no controversy whatever touching the point that the notes executed by Marquis to the Witts were in the possession of the latter, when Marquis was notified of the plaintiff's equitable claim on the property conveyed to him, and that they remained in their possession for many months thereafter. Marquis never took any steps whatever to regain his notes, or to set aside the transaction, but did rely throughout, as he does now, on his legal rights in the premises as a purchaser for value and in good faith. The defendants Witt are insolvent, and, unless plaintiff can re-establish her lien on lot 54, her debt is lost.

It is needless to say that, upon these facts, the two defendants Witt have no cause whatever to complain of the decree. As to them the mistake in the release is clearly established, and is in fact admitted by themselves. The plaintiff's right as against them is beyond any question, and whether or not they sold the property

to Marquis for the purpose of paying plaintiff's claim out of the proceeds of the Marquis note or notes, is immaterial. The defendant Marquis seeks to vacate the decree on the principle recognized in our jurisprudence that, when one of two innocent parties must suffer by the acts of a third, he whose negligence has enabled the third party to occasion the loss should sustain it. *Rice v. Groffman*, 56 Mo. 434. This principle, however, can find no application in the present case. Conceding, for the purposes of argument, that Marquis bought the lot in good faith and without any notice of plaintiff's equitable lien, the testimony is clear that he had paid nothing on account of such purchase before he was fully advised of such lien by plaintiff's representatives, and by the notice of the equitable lien filed. It was decided in *Arnholt v. Hartwig*, 73 Mo. 485, that, in order to entitle the vendee of property transferred in fraud of the vendor's creditors, to be treated as a *bona fide* purchaser, it must appear that he actually paid the purchase money before he had any notice of the fraud. In equity a purchaser is protected to the extent of payments actually made by him, and no further. A purchaser without notice, to be entitled to protection, must be so not only at the time of the contract of conveyance but also at the time of the payment of the purchase money. *Wormley v. Wormley*, 8 Wheat. 449. Nor is the fact that the defendant Marquis executed his negotiable promissory notes to the Witts entitled to any consideration in view of the undisputed fact that, at the date when he was notified of the plaintiff's lien, said notes were not negotiated by the Witts, but were still in their possession. The defendant Marquis had the most unquestioned right at that date to enjoin the negotiation of the notes by the Witts, and had a perfect defense to the notes in the hands of the Witts, and, if he subsequently lost that defense because the notes

were transferred before maturity to an innocent holder, it was the result of his own folly.

Nor is there any evidence in the record that the defendant Marquis ever attempted to get his notes back and to cancel the transaction of sale, a matter which he could have accomplished without any difficulty if the professions of fair dealing, which he and the Witts now make, are to be credited.

The judgment is affirmed. All the judges concur.