JOHANNA LANDY *et vir*, Respondents, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, April 30, 1894.

1. **Husband and Wife**: WITNESS: WIFE'S REAL ESTATE. In an action by husband and wife for injury to real estate held by the wife by ordinary deed, the husband has an interest and should be admitted to testify as a party in interest.

2. **Witness**: EXCLUSION OF ONE NOT CURED BY ADMISSION OF OTHERS. The fact that other witnesses showed the facts which were sought to be established by the excluded witness will not cure the error and prevent a reversal unless the points sought to be established had been conceded or had been during the trial without dispute; but when as in this case the matter concerned the main issue defendant can not be allowed the privilege of practically choosing the witness with whom plaintiffs must prove their case.

Landy v. Kansas City.

3. **Husband and Wife:** PLEADING: SHOWING TITLE TO REAL ESTATE: TENANTS BY ENTIRETY. In an action by husband and wife for injury to real estate it is better pleading to show in what way plaintiffs were the owners of the real estate. But the mere allegation of ownership, without more, does not make them in effect tenants by entirety.

*Appeal from the Lafayette Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*F. F. Rozzelle, F. P. Walsh* and *Chas. E. Pratt* for appellant.

(1) The ground of the trial court for granting a new trial was that the testimony of Michael Landy, the husband and coplaintiff of Johanna Landy, was improperly excluded by the court. His testimony was properly excluded because: *First.* The pleadings did not justify its admission. The petition of plaintiffs alleged that they were "the owners" of the property damaged and had "possession" thereof. The testimony of the husband and the deed he offered in evidence showed title in the wife, and that, too, derived in such manner as to make it her separate estate. *Second.* A party will not be permitted by his testimony to contradict the allegations of his pleading. *Bank v. Campbell*, 34 Mo. App. 45; *Seibert v. Allen*, 61 Mo. 482; *Bank v. Armstrong*, 62 Mo. 59; *Wilson v. Albert*, 89 Mo. 537; *Weil v. Poston*, 77 Mo. 284. *Third.* Where real estate is conveyed to or owned by husband and wife, nothing more appearing, they take as one person and are tenants by entireties. *Corinth v. Emery*, 63 Vt. 505; *Hulett v. Inlow*, 57 Ind. 412; *Derm v. Hardenburgh*, 10 N. T. L. 42; *Wilson v. Wilson*, 43 Minn. 398; *Harrison v. Ray*, 108 N. C. 215; *Bennett v. Child*, 19 Wis. 362. *Fourth.* But where a husband pur-

chases property with his own means, and has the title put in his wife's name, the law presumes a provision or settlement or gift to the wife and there is no resulting trust in the husband. *Darrier v. Darrier,* 58 Mo. 222; *Schuster v. Schuster,* 93 Mo. 444; *Gulliland v. Gulliland,* 98 Mo. 525. And such property is her separate estate. 17 C. L. J. 463; *Dreutzer v. Bell,* 11 Wis. 114; *Pike v. Miles,* 23 *Id.* 164; *Delashment v. Fraer,* 44 Iowa, 613; *Robb v. Brewer,* 16 C. L. J. (Ia.) 356. (2) *First.* The husband's testimony in cases where the wife is a substantial party in interest is strictly restricted to these matters in which he acted as her agent and no other testimony is competent from him. *Paul v. Leavitt,* 53 Mo. 595; *Joice v. Branson,* 73 Mo. 28; *Reno v. Kingsbury,* 39 Mo. App. 240. *Second.* The right of action for damages to a wife's realty is in her and not in her husband. *Sage v. Tucker,* 51 Mo. App. 336; R. S. 1889, sections 6862, 6864, 6868, 6869. *Third.* The fact that the husband is a party to the suit does not render his testimony competent. *Paul v. Leavitt, supra.* (3) Where a point upon which evidence is excluded is conceded by an admission made during the trial, or where the same facts are shown by the testimony of other witnesses, error in excluding additional evidence is harmless. Elliott on Appellate Procedure, sec. 641; *Yound v. Hudson,* 99 Mo. 102; *Roe v. City,* 100 Mo. 190.

*Beebe & Watson, Alex. Graves* and *Jas. H. Harkless* for respondents.

(1) The court was clearly wrong in excluding testimony of M. Landy and as clearly right in granting new trial for that reason. *Fugate v. Pierce,* 49 Mo. 441; *Cooper v. Ord,* 66 Mo. 428; *Steffers v. Banes,* 70 Mo. 399; *O'Bryan v. Allen,* 95 Mo. 68; *Brownlee v.*

*Fenwick*, 103 Mo. 420; *Whalen v. Baker*, 49 Mo. App. 290. Appellants seek to avoid this position by arguing that we are not injured because other witnesses testified to a similar state of facts, but this is wholly outside of the case made here, the jury are the judges of the weight of testimony, and defendants offered testimony tending to contradict the plaintiff's evidence, and we may have been defeated for the want of this witness' testimony, but it is enough to say that he should have been permitted to testify, and its effect is not for this court to determine. (2) The deed offered in evidence by plaintiff, created a general estate in the wife and not an estate to her sole and separate use. *Bank v. Collins*, 75 Mo. 280; *Bank v. Taylor Estate*, 44 Mo. 444.

ELLISON, J.—The plaintiffs are husband and wife and brought this action against defendant city for damages to real estate, alleged to be owned by the plaintiffs. On trial below the court refused to hear the evidence of the husband. The court, afterwards, concluding such ruling was error, sustained plaintiff's motion for new trial. From the order sustaining the motion for new trial defendant has appealed.

The title to the real estate was in the wife by ordinary deed, not as her separate estate. In such case the husband has an interest in the property and should be admitted to testify as a party in interest. *Fugate v. Pierce*, 49 Mo. 441; *Cooper v. Ord*, 66 Mo. 428; *Steffers v. Banes*, 70 Mo. 399; *O'Bryan v. Allen*, 95 Mo. 68; *Brownlee v. Fenwick*, 103 Mo. 420; *Whalen v. Baker*, 49 Mo. App. 290.

But it is principally argued that the plaintiffs showed by other witnesses the facts which were sought to be established by the testimony excluded. This will not cure the error. If the points sought to be established had been conceded or if they had been, or

had become during the trial, points about which no substantial difference existed or over which there was no dispute, it could very well be said that the exclusion was harmless error. But the matter here concerned the main issue for trial and we can not allow defendant the privilege of practically choosing the witnesses with whom plaintiffs must prove their case. For aught we know the witness excluded might have been the one to whom the jury would have given most credit.

It would perhaps have been better if the petition had shown in what way plaintiffs were owners of the real estate; but we can not see that the mere allegation of ownership, without more, made of them, in effect, tenants by entirety. Nor do we agree with appellant's contention that the property was the separate estate of the wife. We are satisfied with the court's action in granting a new trial and affirm the judgment. All concur.