MAX BENSON, Appellant, v. JOHN A. WATKINS, HENRY ANTHONY, and ELIZABETH AMES, Intervener.

MAX BENSON v. JOHN A. WATKINS, HENRY ANTHONY, and ELIZABETH AMES, Intervener; JOHN A. WATKINS, Appellant.

Division Two, March 20, 1926.

1. **AGENT: Purchase of Principal's Land: Concealment: Through Another as Medium.** An agent authorized to sell property for another cannot himself be the purchaser unless he discloses fully to such other that he is the purchaser, revealing everything within his knowledge relating to the transaction. And where the agent induced his principal to convey real estate to a third party, who had no interest in the transaction and merely took the title as an accommodation to the agent, and then conveyed it at the agent's request to a purchaser, and the agent knew that he could sell the property for a larger sum than he represented to his principal he had been offered for it, and all these facts are concealed from his principal, on no theory can the agent, having purchased solely for himself, hold the benefits of the transaction. Even if the agent made no misrepresentations as to his ability to sell for a larger price than the one he stated he had received, he cannot hold the property against his principal.

2. ———: ———: **Commissions: Rents.** An agent is entitled to no commissions for a fraudulent sale to himself; and if by concealment he induced the principal to convey to him through another and such other conveyed to a purchaser, and both conveyances must be set aside in the suit by the principal and the title reinvested in him, there was no sale, and the agent is entitled to no commission for negotiating the sale to such purchaser. Neither is the agent entitled to rents from the property received by him during the time he held his void title to the property.

3. ———: ———: **Sale to Third Party: Innocent Purchaser: Inconsiderable Payment: In Statu Quo.** Where the agent, by concealment, induced his principal to convey real estate to a third party, without consideration and for the agent's accommodation, so that in fact the agent purchased solely for himself, and the agent thereupon negotiated a sale of the property to a purchaser in good faith and caused such grantee to convey it to the

purchaser, such purchaser cannot claim the property as an innocent purchaser, if he paid only an inconsiderable part of the purchase price and can be restored to *status quo*. To be an innocent purchaser, in a suit by the principal to cancel the conveyances and reinvest the title in him, the purchaser must have paid the purchase price, or a substantial part of it, and have been put in a position where he could not be protected or made whole; and where the amount paid by the purchaser from the agent of property worth five or six thousand dollars was only three hundred dollars, paid as earnest money, the decree should set aside the deed to the purchaser upon condition that the principal pay to the purchaser the three hundred dollars with interest.

Agency, 2 C. J., Section 358, p. 700, n. 73; p. 701, n. 74; p. 702, n. 76. Brokers, 9 C. J., Section 39, p. 537, n. 35; p. 538, n. 39, 40; p. 540, n. 46, 49 New; Section 69, p. 571, n. 87. **Vendor and Purchaser,** 39 Cyc., p. 1702, n. 17; p. 1765, n. 3; p. 2008, n. 66.

Appeal from St. Louis City Circuit Court.—*Hon. Moses Hartmann,* Judge.

REVERSED AND REMANDED (*with directions*).

*Banister, Leonard, Sibley & McRoberts* for Max Benson.

(1) The court properly found that defendant Watkins was guilty of fraud in purchasing the real estate himself without making full disclosure to Benson of all the facts, and in taking title in Anthony for himself upon payment to Benson of less than he could have sold the real estate for at the time and less than the intervener was ready to pay for same. Watkins was guilty of a constructive fraud against plaintiff which entitled plaintiff to have the conveyance of the real estate to Anthony set aside and the title thereto revested in plaintiff. 21 R. C. L. p. 829, sec. 13; 31 Cyc. 1437; Connor v. Black, 119 Mo. 134; Tyler v. Sanborn, 128 Ill. 136; Meek v. Hurst, 223 Mo. 688; Laundy v. Gardner, 238 S. W. 788; Grumly v. Webb, 44 Mo. 444; Evans v. Evans, 196 Mo. 1; Witte v. Storm, 236 Mo. 476; Smith v. Tyler, 57 Mo. App. 672; Euneau v.

Rieger, 105 Mo. 675; Montgomery v. Hundley, 205 Mo. 138; Kregan v. Blake, 239 S. W. 495; O'Day v. Annex Realty Co., 236 S. W. 22; Van Raalte v. Epstein, 202 Mo. 173. (2) The trial court committed error in allowing Watkins a commission for selling the real estate. Watkins in his telegram of April 13, 1922, to Benson agreed to charge no commission on the $4,000 sale. Plaintiff contends he has made no valid sale to intervener, but even if he has he does not claim he acted for plaintiff in negotiating that sale. It is very clear that he did not. He was recreant to his trust, and in such case the agent can claim no commission. Witte v. Storm, 236 Mo. 493; Van Raalte v. Epstein, 202 Mo. 196; Paul v. Machine Co., 87 Mo. App. 654; O'Day v. Annex Realty Co., 236 S. W. 25; Stone v. Farnham, 22 R. I. 227; Pollard v. Lathrop, 12 Col. 171. (3) The court erred in decreeing that Watkins convey to intervener the real estate here in question, for the reason that under the evidence in the case it appears that the intervener is not an innocent purchaser, hence, whatever rights, if any, she acquired, are subject to plaintiff's equities: (a) Because the so-called sales contract expressly provides that it must be approved by the owner of the real estate, and that if the title to said real estate shall be found defective the earnest money shall be refunded and this was sufficient to put intervener on inquiry, and require her to investigate the title, and that would have disclosed that the record title was in Benson. (b) Intervener, at best, could have but an equitable interest, because it cannot be claimed she acquired the legal title to the real estate, and as against Benson's equitable right she cannot be an innocent purchaser unless she did acquire the legal title to the real estate. 39 Cyc. 1688; Maning v. Ins. Co., 123 Mo. App. 456. (c) Because the intervener had paid a small part only of the purchase money, and to constitute her a bona-fide purchaser as against the right of Benson to have the conveyance to Anthony set aside and the title revested in Benson, she must have paid all the purchase money before she acquired notice

of Benson's equitable right.  39 Cyc. 1700; Digby v. Jones, 67 Mo. 104; Paul v. Fulton, 25 Mo. 156;. Arnhalt v. Hartwig, 73 Mo. 485; Bank v. McElvain, 219 S. W. 75; Edwards v. Railway Co., 82 Mo. App. 96; Wetmore v. Woods, 62 Mo. App. 266; Bishop v. Schneider, 46 Mo. 472; Greenlee v. Marquis, 49 Mo. App. 290; Halsa v. Halsa, 8 Mo. 303; Matthews v. O'Donnell, 233 S. W. 451. . .

*Marion C. Early* and *Ivon Lodge* for John A. Watkins.

(1)   The authorities cited by plaintiff to support his contention that an agent cannot purchase from his principal without disclosing his identity are not applicable to this case, because there was no misrepresentation or concealment practiced by defendant, and the plaintiff knew, or should have known, that the defendant was the purchaser.  Texas Brokerage Co. v. Barclay & Son, 109 S. W. 1001.  (2)  The defendant owed the plaintiff no duty to notify him of Blackwelder's alleged offer unless the same was a cash offer, because defendant was not authorized to sell otherwise than for cash.  9 C. J. 526.  (3) The defendant having rendered the plaintiff a valuable service, is entitled to a reasonable compensation, even if the court should find that defendant was guilty of fraud in purchasing the property from plaintiff.  Clark v. Foundry Co., 199 S. W. 578; Chilton v. Halstead, 149 Mo. App. 144; Mabry v. Randolph, 7 Cal. App. 421.

*Leahy, Saunders & Walther* for intervener.

(1)   The contract having been signed by defendant John A. Watkins, admittedly the real purchaser from plaintiff, is valid and binding as between intervener and Watkins, and no further approval by either plaintiff or Anthony was necessary.  2 Paige on Contracts, secs. 1176, 1177; McMickle v. Wabash Railroad, 209 S. W. 611; Yoder v. White, 75 Mo. App. 155.  (2)  Intervener having pur-

chased the property in question without any knowledge or notice of the claim or equities of plaintiff, it is immaterial whether Watkins or Anthony held the bare legal title at the time of the execution of the contract. The defendant Anthony knew Watkins was the real purchaser of the property from plaintiff and the title was taken in Anthony's name by defendant Watkins. (3) Where one or two innocent persons must suffer for a wrongful act of another, he must suffer who places the party doing the wrongful act in a position to do it. Baade v. Cramer, 278 Mo. 551; Neuhoff v. O'Reilly, 93 Mo. 164; 1 Story's Eq. Juris. (14 Ed.) sec. 514. (4) Even though Watkins was guilty of constructive fraud, intervener, having purchased without notice of any claim or equities of plaintiff, has an equity superior to that of plaintiff, for the maxim that of two equities the prior in time will prevail applies only where the equities are identical or precisely equal. 2 Pomeroy Eq. Juris., sec. 782. (5) If Watkins was guilty of constructive fraud upon plaintiff, yet to do full justice the legal title should be vested in intervener, an innocent party in the transaction, and the benefits which Watkins would reap should be paid to plaintiff. Bradshaw v. Yates, 67 Mo. 221; Steckman v. Harber, 55 Mo. App. 71; Long v. Abstract Co., 252 Mo. 158; Cravens v. Moore, 61 Mo. 178; Woodward v. Mastin, 106 Mo. 234.

WHITE, J.—The plaintiff, Max Benson, filed his petition in the Circuit Court of the City of St. Louis, alleging that he was the owner of a certain tract of land in that city, that his residence was in San Francisco, California, and that the defendant Watkins was a resident of the city of St. Louis and the plaintiff's agent or the manager of his real estate; that he collected rents on the land described; that he was requested by plaintiff to find a purchaser, and, falsely representing to plaintiff that the property could not be sold for more than $4,000, induced plaintiff to sell and convey it for that sum to one Henry Anthony, who was made a party defendant; that Watkins was at the

time offered a much larger sum for the property and Anthony took the title merely for the defendant Watkins, and he had no beneficial interest in it; that Watkins paid the plaintiff the sum of $1937.98, the balance of the purchase price after deducting the amount of a mortgage and interest and expenses. Plaintiff prayed the court to adjudge that he might pay the sum received by him as aforesaid, and that the conveyance to Anthony be cancelled and for naught held.

Watkins filed, for answer, a general denial.

One Elizabeth Ames, by leave of court, filed an intervening petition. She alleged that on May 5, 1922, while Watkins was the legal owner of the property, she entered into a contract to purchase it from him for the sum of $5700. Of this sum she was to pay $3700 in cash and assume the $2,000 mortgage on the property. There was a benefit assessment on the property at the time amounting to $520, which was to be satisfied as a part of the cash payment. The intervener alleged that she had no knowledge or information about the matters alleged in the plaintiff's petition regarding Watkins' actions and therefore denied those allegations. She prayed the court as intervener to vest title in her on payment of the balance of the purchase money due. She had payed $300 earnest money at the time of entering into the contract.

On June 7, 1923, the court rendered judgment for plaintiff against Watkins, finding that Watkins, to whom Anthony had conveyed the property, at the time he purchased the property in the name of Anthony, did not disclose to his principal that he himself was the real purchaser. The court further found that the intervener, Elizabeth Ames, was an innocent purchaser for value, and adjudged that Watkins convey the property to her, that she pay into court the balance of the purchase money, that Watkins and Anthony pay into court the $300 earnest money, and that Watkins be repaid the $1937.98 which he had paid to plaintiff, and that he be further paid the sum of $201 as commission for making the sale of

the real estate, and that the benefit assessment of $520 be paid, and the balance of the purchase money be paid to the plaintiff. From that judgment the plaintiff and Watkins appealed. Both appeals were heard together.

The evidence shows the following.

April 13, 1922, Watkins sent to Benson, then in California, the following telegram:

"Max Benson.
"1251½ Eddy Street, San Francisco, Calif.
"Offer four thousand dollars all cash no commission off for Lawton Avenue property rents taxes water license and insurance to be prorated to date of transfer buyer will assume mortgage and pay balance about two thousand cash Also will assume street opening about six hundred dollars You pay no commission.
"JOHN A. WATKINS."

At that time the property was encumbered for a mortgage of $2,000 and a benefit assessment was against the property for $520, which made the total offered price $4520. On April 15, 1922, Benson wired Watkins accepting the offer as stated in Watkins's telegram. On April 18, Watkins sent to Benson a deed for Benson to execute, conveying the property to Henry Anthony. This deed was acknowledged by Benson in California on April 24th. At that time Louise Benson, wife of plaintiff, was in St. Louis, and on May 1st she signed and acknowledged the deed. It was filed for record on May 5, 1922, at 4:57 P. M. On May 1, 1922, Watkins wrote to Benson inclosing a statement of the account, showing the purchase price of $4000, deducted the mortgage for $2000, interest, taxes, and expenses, leaving a balance of $1937.98 for which he inclosed his check.

Henry Anthony was sworn and testified that he paid nothing for the property, had no beneficial interest in it, and held it for Watkins. A quit-claim deed was introduced, executed May 5th, whereby he conveyed the property to Watkins for a recited consideration of $100 and other valuable considerations. It will be noted that the deed from Benson to Anthony was filed for record May 5th, the same day on which the contract with Elizabeth

Ames was executed, and the day on which the deed from Anthony to Watkins was executed.

One George H. Blackwelder was sworn as witness for plaintiff, and testified that on the tenth and eleventh of April, 1922, he was attempting to purchase the property from Watkins and offered him $5500 for it. Watkins refused the offer. He testified further that he made out a check for $100 to give to Watkins as earnest money to bind the trade. The check, introduced in evidence, was dated April 11, 1922. Watkins in his testimony denied that Blackwelder had made any definite offer, and described the trade with the negotiations leading up to the contract with Elizabeth Ames. He claimed that always he was acting in good faith with his principal, Benson.

I.   Watkins did not disclose to Benson that he himself had any interest in the purchase of the land. His first telegram indicates that his offer was from someone else. He effectually concealed the interest in the transaction by having the deed made to Henry Anthony, a straw man, with no interest in the transaction. At the time he sent his first telegram, April 13th, if *Agent: Purchasing Principal's Land: Concealment.* Blackwelder is to be believed, he had a bona-fide offer of $5500 for the land, about a thousand dollars more than his telegram stated. The evidence is not clear as to whether he had begun negotiations with the representative of Elizabeth Ames at that time, but it is clear that he knew he could sell the property for a larger sum than he stated in his telegram.

The rule is universal that an agent authorized to sell property for another cannot himself be the purchaser unless he discloses fully to his principal that he is the purchaser, revealing everything within his knowledge relating to the transaction. [2 C. J. 700-702; Meek v. Hurst, 223 Mo. 688, l. c. 697, 698; McClure v. Ullman, 102 Mo.

313 Mo. Sup.—28.

App. 697; Evans v. Evans, 196 Mo. l. c. 18; Smith v. Tyler, 57 Mo. App. l. c. 672.]

There is no theory upon which Watkins could hold the benefits of this transaction. He purchased solely for himself. Even if there had been no misrepresentation as to his ability to sell for a larger price, he could not hold the property against the plaintiff. The court correctly found for the plaintiff as against Watkins.

II. The intervener, Elizabeth Ames, claims to be an innocent purchaser for value; the court so found and ordered conveyance to her. Her counsel first denied that Watkins was guilty of any misconduct, and in their argument support Watkins in his appeal. They contend that Innocent Purchaser. Miss Ames entered into a contract in good faith for the purchase of the property, and that Watkins being vested of the legal title she had a right to the conveyance; that by virtue of her contract with Watkins, Watkins held the legal title in trust for her, and therefore she was entitled to the relief prayed for.

Intervener's counsel seek to apply this principle: That where one of two innocent parties must suffer for the wrongful act of another, he who places a party in the position to do the wrong is the one who must suffer. The argument is that Benson, having made Watkins his agent, and having conveyed the property to his dummy, Anthony, had placed Watkins in a position to impose upon the intervener, and, therefore, the plaintiff must suffer the consequences. The fallacy of this argument appears in the failure to establish first that Miss Ames was an innocent purchaser for value without notice.

In order to be an innocent purchaser so as to be protected against the plaintiff's claim, she must have paid the purchase price before plaintiff's right arose. [39 Cyc. 1701-02; Digby v. Jones, 67 Mo. l. c. 107; Arnholt v. Hartwig, 73 Mo. 488; Citizens Bank v. McElvain, 280 Mo. 505,

l. c. 516, 518, 219 S. W. l. c. 79.]   The purchase price, or a substantial part of it, must be paid, and the purchaser must have been put into position where he could not be protected or made whole.   In the Jones case, supra, it was said: "Part payment must not be for an inconsiderable portion of the purchase money, a mere nominal sum." In that case relief was denied because one-fourth of the purchase money was paid and negotiable notes given for the balance, notes which could not be located or returned to the defendant.

In Paul v. Fulton, 25 Mo. 156, a leading case cited in many later cases, the doctrine is fully expounded on pages 163 and 164, where it is said the consideration must be wholly or partially paid.

In the McElvain case, supra, where the Fulton case is cited, l. c. 516, the court quotes from a Federal case: "It is a settled rule in equity that a purchaser without notice, to be entitled to protection, must not only be so at the time of the contract of conveyance, but must be so at the time of the payment of the purchase money." In that case, l. c. 518, the purchase price was $7500.   One thousand dollars was paid before an attachment was levied which brought notice of the fraudulent conveyance.   This court affirmed the judgment for the plaintiff in that case on the ground that the defendant could be protected in respect to the $1000 paid.

In the present case only $300 was paid as earnest money, and, of course the intervener has a right to a return of that money, in which case she is fully protected. She is not an innocent purchaser for value so as to justify the court in sustaining her prayer for relief, because she had paid no considerable part of the purchase price, and what she has paid may be returned to her by judgment of the court.   She may be put exactly *in statu quo*.

III.   The court ordered $201 paid to Watkins for his services in negotiating the sale to Miss Ames.   Since we have adjudged that the sale contract should be canceled,

he negotiated no sale and therefore rendered no service.

Commissions. Further, since he was unable to negotiate a sale to himself, he earned no commission for conducting that transaction.

The judgment is therefore reversed and the cause remanded with directions to the trial court to enter judgment for the plaintiff upon his payment to Watkins the $1937.98, less $300 which Watkins received from Elizabeth Ames, and on the payment of $300 to Elizabeth Ames, with interest from the time she paid it to Watkins; that her contract be canceled and that Anthony and Watkins be ordered to make conveyance to the plaintiff, or on failure to do so, the title of Anthony and Watkins be divested and vested in the plaintiff; and that the cost of this proceeding be adjudged against Watkins. All concur.

## ON MOTION TO MODIFY.

PER CURIAM:—Appellant's motion to modify the opinion is sustained in that the trial court is further directed to require defendant, Watkins, to account for the

Rents. rents and profits received by him from the real estate under consideration; and that such sum as may be found due on said accounting be deducted from the amount due from plaintiff to defendant Watkins; and the intervener shall be paid whatever sum she deposited in court.